IONE P. BOUCHEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HARMON N. BOUCHEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 32541, 32542. Promulgated March 16, 1953.

*Jack M. Harrison, Esq.,* for the petitioners.
*Earl C. Crouter, Esq.,* for the respondent.

## OPINION.

BLACK, *Judge:* This case raises the single question of whether part of the deficiency of $3,933.94 for 1945 is barred by the statute of limitations. A portion of the deficiency is conceded by petitioners to be timely assessed since it is attributable to adjustments to net operating loss deductions from the year 1947 claimed by petitioners by applying net operating loss carry-backs under section 3780, I. R. C. Under section 276 (d), I. R. C., a deficiency in any tax attributable to the application of a net operating loss carry-back may be assessed within the period during which a deficiency may be assessed with respect to the taxable year of the loss resulting in the carry-back. The dispute concerns other adjustments to 1945 which were not assessed within 3 years from the date petitioners' 1945 returns were filed.

The total amount of the deficiency determined here was less than the total refund received for 1945 because of the net operating loss carry-backs. The applicable statutes are printed in the margin.[1]

Petitioners contend that the extended period of assessment under sections 3780 and 276 (d) applies only to deficiencies resulting from adjustments to the net operating loss carry-backs and that any portion of an asserted deficiency attributable to other adjustments is barred by the normal 3-year statute of limitations under section 275 (a). Respondent argues that since the petitioners took advantage of refunds under section 3780 and since the total deficiency for 1945 does not exceed the prior tentative refund, the total represents an erroneous allowance of a tentative refund which may be assessed pursuant to section 3780 (c) within the period specified in section 276 (d) : that is, any such deficiency represents an "amount refunded * * * in excess of the over-assessment attributable to the carry-back" within the meaning of section 3780 (c) and a "deficiency attributable to the application to the taxpayer of a net operating loss carry-back" within the meaning of section 276 (d).

The identical question was decided recently in *Edward G. Leuthesser*, 18 T. C. 1112, which concluded as follows:

Section 3780 (c), in providing for assessment of erroneous allowances is specifically limited to the situation where "the Commissioner determines that the

---

[1] SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.

Except as provided in section 276—

(a) GENERAL RULE.—The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

SEC. 276. SAME—EXCEPTIONS.

(d) NET OPERATING LOSS CARRY-BACKS AND UNUSED EXCESS PROFITS CREDIT CARRY-BACKS.—In the case of a deficiency attributable to the application to the taxpayer of a net operating loss carry-back or an unused excess profits credit carry-back, including deficiencies which may be assessed pursuant to the provisions of section 3780 (b) or (c), such deficiency may be assessed—

(1) in case a return was required under subchapter E of chapter 2 for the taxable year of the net operating loss or unused excess profits credit resulting in the carry-back, at any time before the expiration of the period within which (under section 275 or subsection (a) or (b) of this section) a deficiency (with respect to tax imposed either by chapter 1 or by subchapter B or E of chapter 2) for such taxable year (whichever is the longer period) may be assessed ; or

(2) in case a return was not required under subchapter E of chapter 2 for the taxable year of the net operating loss or unused excess profits credit resulting in the ᵢcarry-back, at any time before the expiration of the period within which (under, section 275 or subsection (a) or (b) of this section) a deficiency (with respect to tax imposed either by chapter 1 or by subchapter A or B of chapter 2) for such taxable year (whichever is the longer period) may be assessed.

SEC. 3780. TENTATIVE CARRY-BACK ADJUSTMENTS.

(c) ASSESSMENT OF ERRONEOUS ALLOWANCES.—If the Commissioner determines that the amount applied, credited or refunded under subsection (b) is in excess of the over-assessment attributable to the carry-back with respect to which such amount was applied, credited or refunded, he may assess the amount of the excess as a deficiency as if it were due to a mathematical error appearing on the face of the return, as provided in section 272 (f). Upon making such assessment, the Commissioner shall schedule as an over-assessment the decrease in any other tax resulting from the adjustments reflected in the computation of the deficiency.

amount applied, credited or refunded under subsection (b) is in excess of the over-assessment *attributable to the carry-back* with respect to which such amount was applied, credited or refunded * * *." (Emphasis added.) And throughout the report of the House Ways and Means Committee which accompanied the bill introducing these provisions, the inference is inescapable that they were intended merely to permit an enlargement of the period of limitations where the error giving rise to the deficiency was "attributable to the carry-back." Nowhere is there any suggestion that liability for the earlier year is to be kept alive for all purposes (limited only by the amount of the refund or credit) for an additional period of years beyond the original period of limitations. * * *

The above case is determinative of the question before us and we will not repeat its detailed analysis here.

Since the part of the deficiency which is disputed is not within section 3780 (c), section 276 (d) extending the statute of limitations is not applicable and the assessment is barred under section 275 (a) since it was not assessed within 3 years.

Respondent in his pleadings argued alternatively that each petitioner omitted more than 25 per cent of gross income in his 1945 income tax return so that a 5-year statute of limitations is applicable. Since respondent no longer presses this argument in his brief, we assume it is abandoned and we decide this issue, raised by affirmative allegations in respondent's answer, in petitioners' favor.

*Decisions will be entered under Rule 50.*