BUNN'S AUTO SALES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 84453.   Filed February 28, 1961.

*Eugene E. Gilmer, Esq.*, for the petitioner.
*Homer F. Benson, Esq.*, for the respondent.

### OPINION.

SCOTT, *Judge:* The respondent determined a deficiency in petitioner's income tax for the fiscal year ending July 31, 1955, in the amount of $399.14 based entirely on the disallowance of an excessive net operating loss carryback which had previously been tentatively allowed. The respondent now concedes that the amount of the tentative allowance of net operating loss carryback was not excessive but by amended answer claims a deficiency for the fiscal year 1955 in the amount of $2,877.09 by including, on an accrual basis, income from finance companies' reserves. The sole issue presented in this case is whether the claimed deficiency for the fiscal year 1955 is barred by the statute of limitations.

All the facts have been stipulated and are found accordingly.

Petitioner, Bunn's Auto Sales, Inc., was incorporated under the laws of the State of Alabama on August 24, 1954, to operate a business of buying and selling used cars. Except for qualifying shares all the capital stock is owned by Thomas Bunn.

The petitioner's principal place of business is Bessemer, Alabama. It filed its income tax return for the fiscal year ending July 31, 1955, with the district director of internal revenue, Birmingham, Alabama. In this return petitioner reported taxable income of $19,138.40 and paid a tax thereon of $5,741.52. Petitioner kept its books and records and reported its income on an accrual method of accounting except with respect to distributions made out of finance companies' reserves, which were reported on the cash method of accounting.

Petitioner reported a net operating loss in the amount of $10,073.88 for its taxable year ending July 31, 1958. On September 15, 1958, petitioner applied for a tentative carryback adjustment for its taxable year ending July 31, 1955, in the amount of $1,755.33 based upon the allocation of $5,851.11 of the net operating loss from its fiscal year 1958 to its fiscal year 1955. The claim was allowed and credit in that amount was applied in favor of the petitioner.

The deficiency in the amount of $399.14 determined by respondent for the taxable year ending July 31, 1955, in his notice dated September 30, 1959, resulted from a reduction in the net operating loss deduction, tentatively allowed to petitioner in its fiscal year 1955 as a carryback from its fiscal year 1958, by the amount of $1,330.47. The reduction in the net operating loss for the fiscal year 1958 resulted from the inclusion in petitioner's income for that year of the amount of $2,440.71 as income from an accrual of finance companies' reserves. In the aforementioned notice of deficiency respondent also determined deficiencies in the amounts of $11,989.90 and $876.36 for the taxable years ending July 31, 1956, and July 31, 1957, respectively. The deficiencies for the fiscal years 1956 and 1957 resulted in part from the inclusion in taxable income of accruals of finance companies' reserves. The adjustments with respect to petitioner's finance companies' reserves were made pursuant to section 481 of the Internal Revenue Code of 1954 to change petitioner's method of reporting dealer reserves to an accrual basis to conform to its regular method of keeping its books.

On August 23, 1960, petitioner filed an election to have its tax computed under section 4(a) of the Dealer Reserve Income Adjustment Act of 1960, referred to hereinafter as the Adjustment Act, and elected to pay the deficiencies in accordance with section 4(b) of that Act. Accordingly, respondent, by an amended answer, claimed deficiencies

of $2,877.09, $2,584.87, and $876.36 for the taxable years ending July 31, 1955, 1956, and 1957, respectively, which resulted from a recomputation in accordance with the provisions of section 4 of the Adjustment Act. These claimed deficiencies were based upon a computation showing the net operating loss sustained by petitioner in its fiscal year 1958 to be $11,204.62 and the portion thereof allocable to its fiscal year 1955 to be $6,595.01. Petitioner agrees that the deficiencies as claimed in the amended answer for all taxable years were correctly computed, but contends that any deficiency for the fiscal year 1955 is barred by the statute of limitations.

Petitioner's position is that the 3-year statute of limitations provided for in section 6501(a) of the Internal Revenue Code of 1954 for the taxable year ending July 31, 1955, having expired on October 15, 1958, and no agreements extending the statute beyond that date having been executed, the assessment of any deficiency for its fiscal year 1955 other than one attributable to a net operating loss adjustment was barred on September 30, 1959, when the notice of deficiency was issued. Therefore, petitioner contends that the deficiency for that fiscal year claimed in the amended answer filed October 31, 1960, is barred. Petitioner concedes that the statute of limitations had not run under the provisions of section 6501(h) of the 1954 Code [1] with respect to the notice of deficiency dated September 30, 1959, which deficiency resulted from an adjustment reducing the net operating loss carryback claimed and tentatively allowed for the fiscal year ending July 31, 1955. Petitioner points out that the deficiency claimed in the amended answer computed on the basis of agreed facts is arrived at by attributing a net operating loss carryback from its fiscal year 1958 to its fiscal year 1955 in an amount greater than that tentatively allowed and that there is no deficiency in the fiscal year 1955 resulting from an excessive tentative allowance of net operating loss carryback. Petitioner concludes that it follows that section 6501(h) is inapplicable.

Respondent contends that petitioner's fiscal year ending July 31, 1955, being open under the provisions of section 6501(h) for the purpose of determining a deficiency attributable to an excessive net operating loss carryback allowance, is also open under section 4(a) of the Adjustment Act with respect to a deficiency arising from adjustments to dealer reserve income.

Section 4(a) of the Adjustment Act provides in part as follows:

---

[1] Sec. 6501. (h) NET OPERATING LOSS CARRYBACKS.—In the case of a deficiency attributable to the taxpayer of a net operating loss carryback (including deficiencies which may be assessed pursuant to the provisions of section 6213(b)(2)), such deficiency may be assessed at any time before the expiration of the period within which a deficiency for the taxable year of the net operating loss which results in such carryback may be assessed.

Any election under this subsection [4(a)] shall apply to all taxable years ending on or before June 22, 1959 (whether the provisions of the Internal Revenue Code of 1954 or the corresponding provisions of prior law apply), for which the assessment of *any deficiency*, or for which refund or credit of any overpayment, whichever is applicable, was not, on June 21, 1959, prevented by the operation of any law or rule of law. [Emphasis added.]

Respondent argues that because the word "any" is used to modify deficiency, Congress intended that a year which was open for the assessment of a deficiency arising from an excessive allowance of a net operating loss carryback would come within the provisions of section 4(a) of the Adjustment Act. In *Edward G. Leuthesser*, 18 T.C. 1112 (1952), and *Ione P. Bouchey*, 19 T.C. 1078 (1953), we held that under section 276(d) of the 1939 Code, which insofar as here pertinent is in all material respects the same as section 6501(h) of the 1954 Code, the period of limitations for assessment of deficiencies with respect to the earlier year is not enlarged except to the extent that the deficiency is based upon an error made in the computation of the net operating loss carryback.

There is no indication in section 4(a) of the Adjustment Act that it was intended that the election should apply to a year that would not be subject to adjustments other than the limited one of correction of a net operating loss carryback. Section 6501(a) states that "Except as otherwise provided in this section, the amount of *any tax* imposed by this title shall be assessed within 3 years after the return was filed." (Emphasis added.) There is no provision in section 6501 for an extended period to assess a deficiency resulting from an election under section 4(a) of the Adjustment Act.

Under our holding in *Edward G. Leuthesser, supra,* and *Ione P. Bouchey, supra,* any deficiency or overpayment in the instant case arising from adjustments to the income and deductions of the fiscal year 1955 would be barred. The provisions of section 6501(h) of the 1954 Code would permit the assessment and collection of a deficiency for petitioner's fiscal year 1955 occasioned by a reduction in the net operating loss carryback arising from inclusion in petitioner's income on an accrual basis of finance companies' reserves for the fiscal year 1958. However, no such deficiency exists. The parties are agreed that the adjustment to place finance companies' reserves on an accrual basis in petitioner's fiscal year 1958 increases the amount of the net operating loss carryback to its fiscal year 1955 over that previously allowed. The assessment and collection of the claimed deficiency as computed by respondent for petitioner's taxable year ending July 31, 1955, is barred by the statute of limitations.

*Decision will be entered under Rule 50.*