THOMAS H. JONES, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2958–77.   Filed December 20, 1978.

*Joseph F. Ciulla*, for the petitioner.
*Buckley D. Sowards*, for the respondent.

OPINION

TIETJENS, *Judge:* Respondent determined a deficiency in the Federal corporate income tax of T. H. Jones & Co. for the fiscal year ending September 30, 1968, in the amount of $9,349.14 and

determined petitioner Thomas H. Jones to be liable for that deficiency as a transferee of the corporation's assets. The issue is whether a deficiency attributable to the erroneous application of a loss carryback may be adjusted for a subsequent loss carryback when the limitations period for the subsequent loss year has run.

This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference.

Petitioner Thomas H. Jones resided in Shaker Heights, Ohio, when he filed his petition. The corporation filed its Federal corporate income tax returns as follows:

| *FYE Sept. 30—* | *Date filed* |
|---|---|
| 1968 | Mar. 17, 1969 |
| 1970 | June 15, 1971 |
| 1971 | Dec. 16, 1971 |

Each of those returns was filed with the District Director of the Internal Revenue Service Center in Cleveland, Ohio.

The deficiency determined by respondent reflects the disallowance of a net operating loss carryback less certain amounts already paid by petitioner with respect to that disallowance. When the corporation filed its fiscal year 1968 income tax return, it reflected a net capital gain of $100,727 and taxable income of $98,460.91. On its fiscal year 1970 income tax return, the corporation reported a net operating loss of $154,095. The return attributed $150,414 of that loss to the liquidation of certain securities.

On June 23, 1971, the corporation filed a Form 1139, "Corporation Application for a Tentative Refund from Carryback of Net Operating Loss and Unused Investment Credit." This is the form prescribed by respondent as the application for tentative carryback adjustments under section 6411.[1] The corporation's application sought tentative refunds for the taxable years ending September 30, 1967, 1968, and 1969, attributable to the $154,095 net operating loss reflected on its fiscal year 1970 income tax return. The refunds were initially granted. After a later audit of the corporation's fiscal year 1970 return, however, respondent determined that the loss from the

---

[1]Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as in effect for the taxable year at issue.

liquidation of the securities was a capital loss instead of an ordinary one. Because of this, the corporation could not properly carry back the loss.[2] Thus a deficiency resulted. See sec. 6211(a)(2).

Petitioner agreed to the determination and, on July 28, 1975, executed Form 870–C, "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment." In it he accepted as transferee of the corporation respondent's recharacterization of the loss as a capital loss instead of an ordinary one. However, this represented only a partial agreement to the assessment of income tax for fiscal year 1968. Petitioner still contests $9,349.14 of the deficiency.

Petitioner contends that the notice of deficiency overstates the deficiency that arose from the erroneous refund by $9,349.14 because respondent failed to allow the corporation a net capital loss carryback from its fiscal year 1971 to its fiscal year 1968. After making the adjustment, petitioner argues, there is no deficiency in tax for which he could be liable. Respondent contends, however, that the adjustment is barred by the limitations of sections 6511 and 6512 and section 6501(h) and (m).

The burden is on petitioner to prove that there is no deficiency in the corporation's income tax. Sec. 6902(a). Aside from procedural considerations, petitioner is clearly correct. For taxable years beginning after December 31, 1969, corporations may carry back capital losses. Sec. 512(g), Pub. L. 91–172, 83 Stat. 487, 642 (1969). The corporation's fiscal year 1971 began on October 1, 1970, and respondent does not contest the amount of the net capital loss claimed or petitioner's computation of the reduction in income taxes caused by the net capital loss carryback. Again, respondent's sole argument is that petitioner is barred by the statute of limitations from taking advantage of the carryback. In this regard, the burden of proof is on respondent. Rule 142(a), Tax Court Rules of Practice and Procedure.

Section 6512 generally provides for limitations in the case of a petition to this Court. Section 6512(a)(1) provides that for taxable years over which this Court has jurisdiction, no credit or

---

[2]Prior to the Tax Reform Act of 1969, corporations could not carry back capital losses. The act amended sec. 1212(a) to allow such losses to be carried back by corporations. The amendment is effective for net capital losses sustained in taxable years beginning after Dec. 31, 1969. Sec. 512(g), Pub. L. 91–172, 83 Stat. 487, 642 (1969). The corporation's 1970 fiscal year began on Oct. 1, 1969.

refund of income tax shall be allowed or made except for overpayments determined by a final decision of this Court. Section 6512(b)(1) then gives the Court jurisdiction to determine the amount of such overpayment subject to the limitations of subsection (b)(2). Respondent relies on those limitations to bar the taxpayer from taking the adjustment for the 1971 net capital loss carryback. Respondent seems to be arguing that by allowing the adjustment, we would be effectively allowing a claim for credit or refund of an overpayment of tax; unless the "claim" has been timely "filed," it cannot be allowed by us.

We think respondent's reliance on section 6512(b) is misplaced. We are not determining an overpayment of tax for 1968. We are merely redetermining the amount of deficiency, if any, for that year. Section 6211(a) defines a deficiency as the amount by which the tax actually imposed exceeds: (1) The amount shown as a tax on the tax return, plus (2) the amounts previously assessed or collected without assessment as a deficiency, minus (3) the amount of rebates. *Groetzinger v. Commissioner*, 69 T.C. 309, 314 (1977). The cornerstone of this definition is the amount of tax actually imposed. In determining whether there is a deficiency, we must therefore determine the correct tax imposed under subtitle A or B or chapter 41, 42, 43, or 44.[3]

The fiscal year 1971 net capital loss carryback is a deduction for fiscal year 1968, reducing gross income and thus the amount of tax imposed for 1968 under subtitle A. See secs. 1212(a) and 62(4). It is as relevant as any other deduction for fiscal year 1968, which petitioner would be entitled to deduct in determining the tax imposed for that year. Certainly, a deduction claimed for the first time in a petition to this Court, *which would not result in the determination of an overpayment if allowed,* would not be barred by section 6512(b) solely because a credit or refund of an overpayment for the year at issue would be barred. The prerequisite for applying the limitations of section 6512(b)(2) is a finding by the Court "that the taxpayer has made an overpayment of income tax for the same taxable year." Sec. 6512(b)(1). If petitioner does not effectively seek the determination of an overpayment for fiscal year 1968, then there can be no credit or

---

[3]Secs. 6501, 6511, and 6512 are found in subtitle F.

refund of an overpayment that the limitations of section 6512(b)(2) might bar.

This is entirely different from a situation in which an overpayment for another taxable year or for a different type of tax (such as an estate tax) is used to reduce the amount of income tax deficiency for the year at issue. Compare *Commissioner v. Gooch Milling & Elevator Co.*, 320 U.S. 418 (1943). In such a case, the adjustment would be limited by section 6512(b) because we would be effectively granting a credit or refund of an overpayment. But, again, we must emphasize that the adjustment sought by petitioner here does not in substance result in the credit of an overpayment of tax. It is merely a deduction for the only taxable year at issue. See sec. 1212(a). Each item, for which an adjustment may be obtained when determining the amount of deficiency under section 6211(a), does not result in a separate deficiency or overpayment for the taxable year. *Kingston Products Corp. v. United States*, 368 F.2d 281, 287 (Ct. Cl. 1966). There can be only one income tax deficiency or overpayment determined for the taxable fiscal year 1968 in this proceeding. A credit therefore can occur only *after* the ascertainment of the deficiency; it does not occur upon the ascertainment of the deficiency itself. See *Babcock & Wilcox Co. v. Pedrick*, 212 F.2d 645 (2d Cir. 1954). Thus a credit applies only as between different kinds of tax for a single tax year or against taxes of different years. *Babcock & Wilcox Co. v. Pedrick, supra* at 648; *Kingston Products Corp. v. United States, supra* at 287. The net capital loss carryback here would not result in a credit if allowed simply because it is allowed neither for the overpayment of a different kind of tax for the same year nor for the overpayment of tax for a different year. It is merely another adjustment to be made in computing the amount of tax imposed under subtitle A for the fiscal year 1968.

Therefore, we hold that section 6512(b) and section 6511(d)(2), as incorporated by reference into section 6512(b)(2), do not bar petitioner from taking a deduction for the fiscal year 1971 net capital loss carryback.

Respondent's second contention is that section 6501(h) and (m) bars the adjustment for the fiscal year 1971 net capital loss carryback. Section 6501 provides generally for limitations on the assessment and collection of deficiencies. Normally, the amount of tax imposed for a taxable year must be assessed within 3

years after the tax return was filed. Sec. 6501(a). Otherwise, the assessment is barred and its collection prohibited. See also secs. 6401(a) and 6514(b). Sections 6501(h) and 6501(m), however, extend the period within which certain deficiencies may be assessed. Generally, those subsections only apply in cases where the taxpayer has received a refund by reason of the application to him of certain loss carrybacks. Because refunds for loss carrybacks often are made beyond the normal 3-year period of limitations, deficiencies attributable to such refunds have been made assessable within an extended period. See H. Rept. 849, 79th Cong., 1st Sess. (1945), 1945 C.B. 566, 586. This is designed to ensure adequate time to handle the loss carryback refunds properly and is in recognition of the fact that the events which result in a loss carryback may not occur until a number of years after the close of the taxable year of the overpayment. See H. Rept. 849, *supra*, 1945 C.B. at 587.

Section 6501(h) applies to deficiencies resulting from credits or refunds for net operating or capital loss carrybacks where the credit or refund was made under the general credit or refund authority of section 6402(a). On the other hand, where the credit or refund is made under the authority of section 6411(a) (relating to tentative carryback adjustments), section 6501(m) provides the extended period for assessment. The difference between subsection (h) and subsection (m) is not found in the periods within which assessment may occur; the period for both subsections basically runs 3 years after the return for the loss year was filed. The difference instead lies in the items upon which a deficiency that is assessed within the extended period may be based.

Section 6501(h) thus provides in pertinent part:

(h) NET OPERATING LOSS OR CAPITAL LOSS CARRYBACKS.—In the case of a deficiency attributable to the application to the taxpayer of a net operating loss carryback or a capital loss carryback (including deficiencies which may be assessed pursuant to the provisions of section 6213(b)(2)), such deficiency may be assessed at any time before the expiration of the period within which a deficiency for the taxable year of the net operating loss or net capital loss which results in such carryback may be assessed. * * *

This Court has interpreted that section to prevent the Commissioner from assessing a deficiency in a year to which a carryback applies where the deficiency is attributable to errors having no relationship either to the circumstances giving rise to the

carryback or to the statutory machinery making the loss applicable to the year at issue. *Bouchey v. Commissioner*, 19 T.C. 1078 (1953); *Leuthesser v. Commissioner*, 18 T.C. 1112 (1952). Thus, where respondent uses the extended limitations period of section 6501(h), he may assess a deficiency only to the extent that the deficiency is attributable to the application to the taxpayer of a loss carryback. Respondent may not use the extended limitations period to assess a deficiency attributable to items unrelated to the loss carryback.

However, section 6501(m) supersedes subsection (h) restriction on the nature of deficiencies that may be assessed within the extended period.

(m) TENTATIVE CARRYBACK ADJUSTMENT ASSESSMENT PERIOD.—In a case where an amount has been applied, credited, or refunded under section 6411 (relating to tentative carryback adjustments) by reason of a net operating loss carryback, a capital loss carryback, an investment credit carryback, or a work incentive program carryback, or a new employee credit carryback to a prior taxable year, the period described in subsection (a) of this section for assessing a deficiency for such prior taxable year shall be extended to include the period described in subsection (h), (j), (o), or (p), whichever is applicable; except that the amount which may be assessed solely by reason of this subsection shall not exceed the amount so applied, credited, or refunded under section 6411, reduced by any amount which may be assessed solely by reason of subsection (h), (j), (o), or (p), as the case may be.

Where there is a refund granted under section 6411 by reason of a net operating loss carryback, respondent may thus assess within the extended period a deficiency on grounds not attributable to the carryback so long as the deficiency does not exceed the amount of the refund reduced by any amount of the deficiency actually attributable to the carryback. *Maxcy v. Commissioner*, 59 T.C. 716, 730 (1973). In other words, the amount of deficiency *attributable to* the disallowance of the loss carryback is assessable under and subject to the limitations of section 6501(h). And the rest of the total tentative refund is assessable under and subject to the limitations of section 6501(m). See H. Rept. 2161, 89th Cong., 2d Sess. (1966), 1966–2 C.B. 902, 905; sec. 301.6501(m)–1(a)(2) (example), Proced. & Admin. Regs.

This distinction is important here. To the extent that the assessment is being attempted under section 6501(m), the deficiency may be proved or disproved on any ground. See *Maxcy v. Commissioner, supra* at 730–731. Thus the fiscal year

1971 net capital loss carryback would clearly be allowable under section 6501(m) as an adjustment to reduce the amount of deficiency to zero. If, however, the assessment is being attempted under section 6501(h), further inquiry must be made to determine whether subsection (h) would act as a bar to the adjustment.

Because the refund, upon which the deficiency was based, was a tentative refund made under the authority of section 6411, we must first look to section 6501(m). Again, the amount assessable under section 6501(m) "shall not exceed the amount so applied, credited, or refunded under section 6411, reduced by any amount which may be assessed solely by reason of subsection (h)." As previously explained, the amount assessable solely by reason of subsection (h) is limited to the amount of deficiency *attributable to* the application to the taxpayer of a loss carryback. The deficiency is thus assessable under subsection (h) only to the extent that it is not based on items unrelated to the loss carryback for which the refund was initially granted. See *Bouchey v. Commissioner, supra; Leuthesser v. Commissioner, supra.* In determining whether the deficiency here is assessable, if at all, within the extended period of section 6501(h) or section 6501(m), we must therefore look to the nature of the deficiency itself.

The deficiency is the result of an erroneous application to the taxpayer of the fiscal year 1970 net operating loss carryback. It is based solely on the disallowance of the loss carryback for which the refund was initially granted. Petitioner and respondent both agree that the entire amount of the fiscal year 1970 net operating loss was improperly claimed, and the notice of deficiency itself attributes the deficiency only to the disallowance of the fiscal year 1970 loss. See also sec. 6211(a)(2). Thus the entire deficiency is an "amount which may be assessed solely by reason of subsection (h)." See sec. 6501(m). And none of the deficiency is therefore assessable under section 6501(m); it is assessable only under section 6501(h). See also sec. 301.6501(m)–1(a)(2) (example), Proced. & Admin. Regs.

This leaves for our consideration the question of whether section 6501(h) bars petitioner from taking advantage of the fiscal year 1971 net capital loss carryback. Again, section 6501(h) bars the assessment of a deficiency in a year to which a carryback applies where the deficiency is attributable to errors

having no relationship either to the circumstances giving rise to the carryback or to the statutory machinery making the loss applicable to the year at issue. *Bouchey v. Commissioner, supra; Leuthesser v. Commissioner, supra.* Thus respondent may not use the extended limitations period of section 6501(h) to assess a deficiency attributable to items unrelated to the loss carryback. Clearly, section 6501(h) does not act as a bar to respondent's attempted assessment because, as already explained, the deficiency determined by respondent is attributed only to the disallowance of the fiscal year 1970 net operating loss carryback.[4] Nevertheless, the question remains whether *petitioner* is barred from taking the fiscal year 1971 net capital loss carryback.

We need not decide whether the limitations on the assessment of deficiencies under section 6501(h) apply to petitioner as well as respondent, for assuming that they do so apply, we are still compelled to hold in favor of petitioner. Here we have a situation in which a 1970 net operating loss carryback has been disallowed. Petitioner agrees that the carryback was granted improperly. He instead argues that a 1971 capital loss carryback should have been but was not taken only because, until respondent disallowed the 1970 net operating loss carryback, the 1971 capital loss carryback could not be taken as a matter of law: The 1970 net operating loss carryback had used up all the income for the year at issue thus making the 1971 capital loss carryback unusable. We think petitioner's argument in this respect is sound. Although the 1971 net capital loss is not a part of the losses giving rise to the 1970 net operating loss carryback, it can be considered a part of the statutory machinery generally making losses applicable to the year at issue. The disallowance of the 1970 loss is so interrelated to the allowance of the 1971 loss that we find it difficult to separate the two. See secs. 6411(a), 1212(a)(1)(A)(ii), and 172(b)(2). And we find no good reason for doing so. It seems impractical to us to require a taxpayer to file a claim for a loss carryback before the law would even allow the loss to be carried back, and absent clear congressional directions to the contrary, we will not do so.

In view of the foregoing, and after giving due consideration to

---

[4] In any event, petitioner has not raised the statute of limitations as an affirmative defense. See Rule 39, Tax Court Rules of Practice and Procedure.

the fiscal year 1971 capital loss carryback, we find that there is no deficiency in the corporation's Federal income tax for fiscal year 1968. Because of our finding, we need not decide whether respondent has proved that petitioner is liable as transferee of the corporation's assets. See sec. 6902(a).

*Decision will be entered for the petitioner.*