RICHARD A. WALLIS AND BARBARA J. WALLIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wallis v. Commissioner
Docket No. 22913-85
United States Tax Court
T.C. Memo 1991-246; 1991 Tax Ct. Memo LEXIS 289; 61 T.C.M. (CCH) 2775; T.C.M. (RIA) 91246; June 4, 1991, Filed *289 An appropriate order and decision will be entered for the respondent. Petitioners failed to stipulate to facts, failed to comply with this Court's orders, failed to cooperate with respondent's requests for information as required by this Court's discovery rules, failed to file pretrial memoranda, and failed to personally appear at trial. Held: Respondent's motion to dismiss for failure to properly prosecute is granted. Rule 123(b), Tax Court Rules of Practice & Procedure.
John N. Moore, for the petitioners. Carol A. Szczepanik, for the respondent. CHABOT, Judge. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION This matter is before us on respondent's motion to dismiss for failure properly to prosecute. Respondent determined deficiencies in Federal individual income tax and additions to tax under sections 6653(a) [1] *290 and 6659 against petitioners as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6659
1978
$ 5,102.00
$ 255.10
--
--
$ 1,530.60
1981
14,847.89
--
$ 742.39
*
614.10
Respondent also determined that petitioners are liable for increased rates of interest on the entire deficiency for each of the years in issue under section 6621(c). [2]
The issues raised by the pleadings are as follows: 1. Whether petitioners are entitled to a $ 7,456 Schedule C deduction for 1981. 2. Whether petitioners are entitled to a $ 3,886 partnership loss deduction for 1981. 3. Whether petitioners have $ 17,000 of unreported income for 1981. 4. Whether petitioners are entitled to investment credits for 1978 and for 1981. 5. Whether petitioners are liable for an addition to tax for 1978 under *291 section 6653(a). 6. Whether petitioners are liable for additions to tax for 1981 under sections 6653(a)(1) and 6653(a)(2). 7. Whether petitioners are liable for additions to tax for 1978 and 1981 under section 6659. 8. Whether petitioners are liable for increased interest for 1978 and 1981 under section 6621(c). FINDINGS OF FACT When the petition was filed in the instant case, petitioners resided in Leawood, Kansas. On March 10, 1987, the parties filed a Stipulation of Settlement with respect to the Structured Shelters issues. The Stipulation of Settlement was in the form of a so-called "piggyback agreement", agreeing to be bound by the results in certain test cases. The test cases were disposed of by our opinion in Rybak v. Commissioner, 91 T.C. 524 (1988). As a result of our opinion in Rybak, all of the Structured Shelters issues are decided for respondent. Petitioners were served on November 28, 1990, with the Court's notice setting this case for trial at a session beginning April 29, 1991, in Cleveland, Ohio, pursuant to petitioners' designation of the place of trial. This trial was to deal with those issues that remained after the disposition *292 of the Structured Shelters issues. This notice prominently states in capital letters that "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU." The Court's Standing Pretrial Order, accompanying the notice of trial, states in pertinent part as follows: UNITED STATES TAX COURT WASHINGTON, D. C.
STANDING PRETRIAL ORDER
To the parties in the Notice of Trial to which this Order is attached: Policies
You are expected to begin discussions as soon as practicable for purposes of settlement and/or preparation of a stipulation of facts. * * * If difficulties are encountered in communicating with another party, or in complying with this Order, you should promptly advise the Court in writing, with copy to each other party, or in a conference call among the parties and the trial judge. * * * If any unexcused failure to comply with this Order adversely affects the timing or conduct of the trial, the Court may impose appropriate sanctions, including dismissal, to prevent prejudice to the other party or imposition on the Court. Such failure may also be considered in relation to disciplinary proceedings involving counsel. Requirements
*293 To effectuate the foregoing policies and an orderly and efficient disposition of all cases on the trial calendar, it is hereby ORDERED that all facts shall be stipulated to the maximum extent possible. All documentary and written evidence shall be marked and stipulated in accordance with Rule 91(b), unless the evidence is to be used to impeach the credibility of a witness. Objections may be preserved in the stipulation. If a complete stipulation of facts is not ready for submission at trial, and if the Court determines that this is the result of either party's failure to fully cooperate in the preparation thereof, the Court may order sanctions against the uncooperative party. * * * ORDERED that unless a basis of settlement has been reached, each party shall prepare a Trial Memorandum substantially in the form attached hereto and shall submit it directly to the undersigned and to the opposing party not less than fifteen (15) days before the first day of the trial session. * * * On or about December 17, 1990, petitioners' counsel sent a letter to petitioners (who live in a suburb of Kansas City, Kansas), asking them to send to him materials relevant to the remaining issues. *294 He did not receive a response to this letter. On January 23, 1991, respondent sent a letter to petitioners' counsel, asking petitioners' counsel to attend a conference in respondent's offices on January 29, 1991, and asking him to bring certain documents with him. Petitioners' counsel failed to attend the conference, did not produce the requested documents, and failed to contact respondent to try to reschedule the conference. Petitioners' counsel did not receive this letter until 1 or 2 days after the scheduled meeting date. On February 13, 1991, respondent served on petitioners' counsel a request for the production of documents by March 13, 1991. Petitioners' counsel sent a second letter to petitioners about this matter; he did not receive a response to this second letter. Petitioners' counsel failed to respond in writing, failed to appear in connection with this request, and failed to contact respondent to reschedule the date set for the production of documents. On March 18, 1991, respondent filed a motion to compel production of documents. (Respondent's discovery motion was mailed on March 13, 1991, early enough for it to be timely under Rule 70(a)(2) [3] and section 7502.) *295 On March 20, 1991, and on March 26, 1991, the Court held telephone conferences with counsel for respondent and counsel for petitioners to discuss respondent's motion to compel production of documents. During those discussions, petitioners' counsel said that he had contacted petitioners and asked them for the documents, but that he had not yet received anything from them. On March 25, 1991, petitioners' counsel sent a third letter to petitioners about this matter, asking them to send to him the requested documents so that he would receive these documents no later than April 8, 1991; he did not receive a response to this third letter. As a result of these discussions, the Court, on March 26, 1991, ordered petitioners' counsel to produce the requested documents in respondent's offices by April 8, 1991. On April 6, 1991, petitioners' counsel asked someone he knows in Kansas City to go to petitioners' house and to ask them to contact petitioners' counsel. This was done, but petitioners failed to contact their counsel. *296 On April 11, 1991, the Court, counsel for respondent, and counsel for petitioners had another telephone conference. In that discussion, petitioners' counsel said that he had not received any materials or other responses from petitioners. In response, on April 11, 1991, the Court ordered that petitioners are precluded from introducing into evidence at trial any of the documents described in respondent's motion to compel production of documents, filed March 18, 1991. Petitioners' counsel agreed to send to petitioners copies of the April 11, 1991, order and to send to petitioners a letter explaining that the Court would consider dismissing their case for failure to prosecute if they failed to appear in person at trial. Petitioners did not file a trial memorandum with the Court. When the case was called for trial on April 29, 1991, petitioners failed to appear in person. Petitioners' counsel appeared at the calendar call and also when the case was called for a hearing on respondent's motion to dismiss. Petitioners' counsel acknowledged that, if the instant case was called for trial, then he would have no evidence to introduce in support of the contentions that petitioners had *297 made in their petition. OPINION We begin by noting that respondent's determinations as to matters of fact in the notice of deficiency are presumed to be correct, and petitioners have the burden of proving otherwise. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). Thus, even if we were to deny respondent's motion to dismiss the case for failure properly to prosecute, petitioners would have no evidence and so would fail to meet their burden of proof, and we would have no choice but to hold for respondent. Petitioners have failed to follow the Tax Court Rules of Practice & Procedure and the orders of this Court issued to them in the instant case. Rule 123 provides, in pertinent part, as follows: RULE 123. DEFAULT AND DISMISSAL * * * (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which such party has the burden of proof, and such decision shall be treated as *298 a dismissal for purposes of paragraphs (c) and (d) of this Rule. * * * (d) Effect of Decision on Default or Dismissal: A decision rendered upon a default or in consequence of a dismissal, other than a dismissal for lack of jurisdiction, shall operate as an adjudication on the merits. We have applied Rule 123 and dismissed the case against, e.g., a party who failed to stipulate, Ducommun v. Commissioner, 732 F.2d 752 (CA10 1983), affg. an order of dismissal by this Court; a party who refused to comply with Court-ordered discovery, Rechtzigel v. Commissioner, 79 T.C. 132 (1982), affd. on other grounds 703 F.2d 1063 (CA8 1983); [4] a party who failed to file briefs, Stringer v. Commissioner, 84 T.C. 693, 704-708 (1985), affd. without published opinion 789 F.2d 917 (CA4 1986); and a party who failed to appear at trial, Ritchie v. Commissioner, 72 T.C. 126, 128-129 (1979). *299 Petitioners failed to participate in the stipulation process, as required by Rule 91 and brought to their individualized attention by the Standing Pretrial Order. Petitioners failed to produce the documents that they were specifically required to produce by the Court's order dated March 26, 1991. Petitioners failed to submit a pretrial memorandum and failed to notify respondent that they would not attend certain scheduled meetings. Petitioners failed to provide to their counsel any documents that he might be able to present as evidence, or any witnesses (including themselves) whose testimony their counsel might be able to present as evidence. We conclude that petitioners have failed properly to prosecute their case and that no useful purpose would be served by proceeding to trial. Although some of the fault may be laid at the feet of petitioners' counsel, it is evident on the record in the instant case that the basic fault is that of petitioners themselves. In this respect, the instant case is clearly distinguishable from Hillig v. Commissioner, 916 F.2d 171 (CA4 1990), revg. a Memorandum Opinion of this Court, [5] on remand 96 T.C. 548 (1991). *300 We hold that petitioners' failure to comply with this Court's Rules and the orders issued to them is due to petitioners' own willfulness, bad faith, or fault, and not due to their inadvertence or inability to comply, and that petitioners' failure to comply was total. To reflect the foregoing, An appropriate order and decision will be entered for the respondent. Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the years in issue. References to section 6621 are to that section of the Internal Revenue Codes of 1954 and 1986 as in effect for periods after December 31, 1984. (Sec. 6621(c) was repealed by sec. 7721(b) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2399, effective for tax returns due after December 31, 1989 (sec. 7721(d) of the Act, 103 Stat. at 2400). Thus, the repeal does not affect the instant case.) References to section 6659 are to that section of the Internal Revenue Code of 1954 as in effect for 1981, even as to applications of that provision to petitioners' additions to tax liabilities for 1978. Nielsen v. Commissioner, 87 T.C. 779↩ (1986). (Sec. 6659 was repealed by sec. 7721(c)(2) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2399, effective for tax returns due after December 31, 1989 (sec. 7721(d) of the Act, 103 Stat. at 2400). The substance of former sec. 6659 now appears as subsection (b)(3) and (e) of sec. 6662. Thus, the repeal does not affect the instant case.)
*. 50 percent of the interest due on $ 14,847.89.↩
2. The notice of deficiency refers to section 6621(d). This section was redesignated as section 6621(c) by section 1511(c)(1)(A) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2744. For simplicity, we will hereinafter refer to this section as section 6621(c).↩
3. Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice & Procedure as in effect for the period after the instant case was noticed for trial at the April 29, 1991, trial session.↩
4. In response to the concerns expressed in the Court of Appeals' opinion ( Rechtzigel v. Commissioner, 703 F.2d 1063, 1064↩ n. 2 (CA8 1983)), we note that the instant case is not a fraud case and that petitioners have the burden of proof.
5. T.C. Memo 1989-476↩.