GARY G. HENDRICKSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hendrickson v. Commissioner
Docket No. 7005-91
United States Tax Court
T.C. Memo 1992-639; 1992 Tax Ct. Memo LEXIS 673; 64 T.C.M. (CCH) 1219; T.C.M. (RIA) 92639; November 3, 1992, Filed Decision will be entered for respondent as to section 6653(a) and for petitioner as to sections 6653(a)(1)(B) and 6659(a). For Gary G. Hendrickson, pro se. For Respondent: Steven M. Roth. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180-182. [1] In the notice of deficiency, respondent determined additions to tax in petitioner's Federal income tax for 1980 of $ 188.25 under section 6653(a) [2] and $ 1,129.50 under section 6659(a). The issues *674 which remain for decision are: (1) Whether the notice of deficiency was issued after the period of limitations for the assessment and collection of taxes for petitioner's 1980 tax year expired; and, (2) whether petitioner is liable for the additions to tax under sections 6653(a) and 6659(a). Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. At the time of the filing of the petition herein, petitioner resided in North Hollywood, California. Petitioner is a painter. He has both a B.A. and B.S. in commercial art. Prior to 1983, petitioner had no experience with the computer industry nor had he made any financial investments. In 1983, petitioner invested as a limited partner in Computronics Limited Partnership (Computronics). Petitioner and his parents jointly purchased 20 shares of Computronics for$ 20,000. [3] Petitioner believed Computronics held the exclusive patent for an instructional video tape which taught how to operate a personal computer. *675 Petitioner was informed of Computronics via the promotional activities of petitioner's tax consultant and preparer, Mr. Loya. Petitioner attended a promotional meeting for Computronics at Mr. Loya's office. Prior to investing, petitioner made no independent effort to investigate Computronics, nor did he view the instructional tape. Although petitioner received a prospectus, it did not contain a tax opinion letter addressing the tax ramifications of the investment. Petitioner relied solely on Mr. Loya's representations that the investment would render significant tax savings. Based upon these representations and the alleged fact that Mr. Loya was also a partner, petitioner (and his parents) invested in Computronics. Petitioner ignored the oddity of Computronics maintaining a "field office" at Mr. Loya's office as well as the "prefabricated" appearance of the Computronics offices. Petitioner was unable to utilize his distributive share ($ 5,333) of Computronics' purported investment tax credit (ITC) for 1983. He filed a Form 1040 for 1983 showing no income, a $ 6,000 Schedule E loss, and a Form 3468 claiming an ITC of $ 5,333. Accordingly, in 1984, petitioner claimed a carryback *676 of the ITC to 1980 and received a $ 3,765 tax refund for that year. Computronics filed an information return for 1983 on May 14, 1984. On January 12, 1987, respondent issued a notice of final partnership administrative adjustment (FPAA) to Computronics' tax matters partner, Robert Krupp, disallowing the ITC, rental loss, and other deductions claimed on Computronics' 1983 information return on the basis that its activities lacked economic substance and were not engaged in for profit. The FPAA did not contain any statement that the ITC, or other deductions claimed, was disallowed due to an overvaluation of property or an overstatement of Computronics' basis in property. Mr. Krupp timely filed a petition with this Court for review of the FPAA. On January 29, 1990, a decision was entered by this Court reflecting the disallowance of the ITC, rental loss, and other deductions claimed on the partnership's 1983 information return in accordance with the settlement agreement reached between Computronics and respondent. The notice of deficiency was issued to petitioner on January 29, 1991, for additions to tax associated with petitioner's distributive share of partnership items. Respondent *677 determined that petitioner is liable for additions to tax provided in sections 6653(a) and 6659(a). Petitioner contends that he is not liable because the notice of deficiency was mailed after the expiration of the period of limitations. Alternatively, petitioner contends that he was not negligent in investing in Computronics due to his reliance on his tax consultant's advice and his (petitioner's) lack of business acumen and that the addition to tax under section 6659 is not applicable because there was no valuation overstatement within the meaning of such section. The notice of deficiency relating to the "affected items" was timely issued. Section 6229(a) provides that the period for assessing income tax attributable to a partnership item (or affected item) shall not expire before 3 years after the later of (1) the date the partnership return was filed or (2) the last day for filing such return for such year (without regard to extensions). However, section 6229(d) provides that the mailing of an FPAA suspends the running of the 3-year limitations period for the period during which an action may be brought under section 6226 (and, if an action is brought, until the decision of *678 the court has become final) and for 1 year thereafter. Furthermore, section 6501(j) provides that, in the case of a deficiency attributable to a credit carryback, such deficiency may be assessed at any time before the expiration of the period within which a deficiency for the taxable year of the unused credit which results in such carryback may be assessed. In the instant case, Computronics' 1983 partnership information return was filed on May 14, 1984. Thus, pursuant to section 6629(a) the 3-year period would have expired on May 14, 1987. Respondent timely mailed an FPAA to Computronics' tax matters partner, Mr. Krupp, on January 12, 1987, and the running of the statute of limitations was suspended prior to its expiration. After Mr. Krupp timely filed the petition for review of the FPAA, the decision was entered by this Court on January 29, 1990. Under section 6229(d)(2), the running of the 3-year period of limitations for assessing a deficiency attributable to a 1983 partnership item was suspended for 1 year after the date the decision entered on January 29, 1991, became final. Since no appeal was filed, the decision became final 90 days after it was entered. Secs. 7481(a)(1), *679 7483. After tacking the unexpired part of the 3-year limitations period on after the date the decision became final, the limitations period for 1983 expired well after respondent issued the notice of deficiency. See generally Aufleger v. Commissioner, 99 T.C.     (1992). Furthermore, since the deficiency arose out of a carryback of a credit claimed for the 1983 tax year, the period of limitations for the 1980 carryback year also remained open well after the date respondent issued the notice of deficiency. Sec. 6501(j). Therefore, respondent's notice of deficiency, mailed January 29, 1991, was timely. Section 6653(a) imposes an addition to tax equal to 5 percent of the underpayment of tax if any portion of the underpayment is due to negligence or intentional disregard of rules or regulations. Negligence has been defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner has the burden of proof on this issue. Bixby v. Commissioner, 58 T.C. 757, 791 (1972). Petitioner initially *680 claimed his distributive share of the partnership items on his 1983 tax return. In so doing, he relied solely on the representations made by Mr. Loya. Reliance upon professional advice is not an absolute defense to negligence. It must first be established that such reliance was reasonable. Novinger v. Commissioner, T.C. Memo 1991-289. Petitioner's reliance on Mr. Loya's representations was unreasonable due to Mr. Loya's relationship with Computronics, as evidenced to petitioner not only by Mr. Loya's promotional activities, but also by the presence of a Computronics "field office" at Mr. Loya's office. Moreover, petitioner did not attempt to verify the history, expertise, credibility, reputation, or financial capability of Computronics. Nor did petitioner question the genuineness of this investment which promised to give him substantial tax savings and refunds of previous taxes paid. Rasmussen v. Commissioner, T.C. Memo. 1992-212. Previously, we have held that the failure of a taxpayer to make a meaningful investigation beyond the promotional materials supplied by the sales person, even though the taxpayer consulted *681 an independent tax advisor, was neither reasonable nor the action of a reasonably prudent person. LaVerne v. Commissioner, 94 T.C. 637, 652 (1990), affd. without published opinion 956 F.2d 274 (9th Cir. 1992), affd. without published opinion sub nom. Cowles v. Commissioner, 949 F.2d 401 (10th Cir. 1991). Accordingly, since petitioner did not take any appropriate action to investigate the credibility of Computronics, and relied solely on the representations of Mr. Loya, we hold petitioner's conduct was negligent and not that of a reasonable and ordinarily prudent person. The deficiency in his income tax for 1980 is a direct result of such negligence. Therefore, the addition to tax pursuant to section 6653(a), as determined by respondent, is sustained. Respondent also determined that petitioner was subject to the addition to tax provided for under section 6659(a). Section 6659(a) provides for a graduated addition to tax on an underpayment which is attributable to a valuation overstatement of at least 150 percent of the adjusted basis of any property. Sec. 6659(c). Although section 6659 *682 is effective for returns filed after December 31, 1981, [4] we have held, in Nielsen v. Commissioner, 87 T.C. 779 (1986), that taxpayers who filed amended returns for the 1978 and 1979 tax years in 1982 and 1983 were liable for additions to tax under section 6659 for 1978 and 1979 because the underpayments for those tax years were attributable to valuation overstatements on the amended returns filed after December 31, 1981. Similarly, we may consider the addition to tax under section 6659(a) for 1980, if any, as any overstatement would be attributable to petitioner's 1983 return and application for tentative refund for 1980, both of which were filed in 1984. The question of whether the addition to tax under section 6659 applies has already been considered by the Ninth Circuit, the circuit to which this case is appealable. Golsen v. Commissioner, 54 T.C. 742 (1970), *683 affd. 445 F.2d 985 (10th Cir. 1971). The Ninth Circuit has adopted the formula approach to determine whether a valuation overstatement for purposes of section 6659 exists, comparing the taxpayer's (1) actual tax liability (i.e., the tax liability that results from a proper valuation and which takes into account any other proper adjustments) with (2) actual tax liability as reduced by taking into the account the valuation overstatement. The difference between these two amounts will be the underpayment that is attributable to the valuation overstatement. Therefore, when a determination is made that a taxpayer is not entitled to a claimed credit and such determination is made without regard to valuation of the property, the addition to tax under section 6659 will be inapplicable because the resulting underpayment is attributable to reasons other than a valuation overstatement. Cf. Gainer v. Commissioner, 893 F.2d 225 (9th Cir. 1990), affg. T.C. Memo. 1988-416; see also Todd v. Commissioner, 862 F.2d 540 (5th Cir. 1988), affg. 89 T.C. 912 (1987); *684 Rasmussen v. Commissioner, supra; Bukove v. Commissioner, T.C. Memo. 1991-76. In the instant case, although the entire ITC claimed was disallowed at the partnership level, no findings were made with regard to the correct value of any property. The ITC has been disallowed because the partnership lacked economic substance. Such conclusion was reached without any determination of the proper valuation of property. Thus, no valuation overstatements were integral to and inseparable from the finding that the ITC claimed was disallowed. Cf. Harness v. Commissioner, T.C. Memo. 1991-321 (in which the Court held that section 6659 was applicable when the credits were disallowed due to a lack of economic substance or lack of profit objective, when valuation is an integral factor in such determinations). Under these circumstances, the addition to tax under section 6659(a) is not applicable. See Gainer v. Commissioner, supra; Bukove v. Commissioner, supra.Accordingly, we hold the addition to tax under section 6659(a) does *685 not apply to petitioner. Decision will be entered for respondent as to section 6653(a) and for petitioner as to sections 6653(a)(1)(B) and 6659(a). Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. In the notice of deficiency, respondent erroneously determined additions to tax under sec. 6653(a)(1)(A) and (B). This section did not exist for 1980. The applicable negligence section for 1980 is 6653(a). Respondent conceded, at trial, the addition to tax determined under sec. 6653(a)(1)(B).↩
3. It is unclear how the partnership interest was to be divided between petitioner and his parents. It appears two differing K-1's existed for 1983. One was attached to Computronics' 1983 tax return and showed petitioner as a partner; the other was attached to petitioner's return and showed both petitioner and his father as partners.↩
4. Sec. 6659 was enacted by sec. 722(a)(4), Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 342.↩