JERRY C. BALDWIN AND PATRICIA A. BALDWIN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 315-91.     Filed December 23, 1991.

*Neil Deininger,* for the petitioners.
*Amy Dyar Seals,* for the respondent.

PARKER, *Judge:* Respondent determined a deficiency of $48,407.89 in petitioners' 1985 Federal income tax.

This case is before the Court on petitioners' motion to dismiss for lack of jurisdiction on the ground that there is no "deficiency" as defined in section 6211(a). Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the pertinent years, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issue for decision is whether an amount credited against petitioners' 1985 tax liability as a result of an application for a tentative carryback adjustment for a 1987 net operating loss is a "rebate" within the meaning of section 6211(b)(2).

### FINDINGS OF FACT

Petitioners Jerry C. Baldwin and Patricia A. Baldwin lived in Cabot, Arkansas, at the time they filed their petition. Petitioners were cash-basis, calendar-year taxpayers filing a joint Federal income tax return (Form 1040) for 1985. All references to petitioner in the singular will be to petitioner Jerry C. Baldwin.

On their 1985 tax return, petitioners showed total tax of $53,866, total payments of $5,795, and an amount owing of $48,071. Apparently no payment of that $48,071 was made when the return was filed.[1]

Petitioner Jerry C. Baldwin filed a single Federal income tax return for 1987. In conjunction with this 1987 tax return, petitioner filed a Form 1045, Application for Tentative Refund, in order to carry back a net operating loss (NOL) of $151,502 from 1987 to the taxable years 1984 and 1985. The NOL resulted from petitioner's claim of a business bad debt deduction in 1987. In his Form 1045 petitioner applied $3,264 of the NOL against 1984 adjusted gross

---

[1] Respondent says that the tax was remitted with the original return and was subsequently refunded to petitioners. Petitioners say they did not pay the tax and that the tax was later wiped out by the credit from the net operating loss carryback. The "plain language transcript" attached to petitioners' reply to respondent's response is not entirely clear, but seems to support petitioners' contention. In any event, the result we reach is the same whether there was a "refund" or a "credit" from the tentative carryback adjustment. Payment of the original 1985 tax vel non can be conclusively resolved along with all other factual issues at the trial on the merits scheduled for Jan. 27, 1992.

income and the remaining $148,238 against 1985 adjusted gross income.

Because of the NOL carryback, petitioner, on the Form 1045, showed a refund of $47,044 for the 1985 taxable year, and since the 1985 tax liability had not been paid, he requested that the tentative refund be applied against that unpaid 1985 tax liability. Respondent made a mathematical correction and, on June 20, 1988, credited $48,407.80 against petitioners' 1985 unpaid tax liability.[2]

On October 3, 1990, respondent issued to petitioners two statutory notices of deficiency for the 1985 and 1987 taxable years. Petitioners did not file a petition in this Court with respect to the statutory notice for 1987. On January 7, 1991, petitioners filed the petition in this case, relating to the 1985 taxable year.[3] The $48,407.89 deficiency for 1985 is the result of respondent's disallowance of the 1987 bad debt deduction that gave rise to the NOL and hence disallowance of the NOL. See *supra* note 2.

On October 10, 1991, petitioners filed, pursuant to Rules 40 and 53, a motion to dismiss for lack of jurisdiction on the ground that there is no "deficiency" within the meaning of section 6211(a).

## OPINION

Petitioners' argument is that this Court lacks jurisdiction because the amount determined as a deficiency by respondent in the statutory notice of deficiency is not a "deficiency" within the meaning of section 6211. For the reasons that follow, we hold that there is such a deficiency.

Section 6211 provides:

SEC. 6211(a). IN GENERAL.—For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B  * * * , the term "deficiency" means the amount by which the tax imposed by subtitle A or B  * * *  exceeds the excess of—
  (1) the sum of

---

[2] See *supra* note 1. In the deficiency notice respondent later determined a deficiency of $48,407.89, the $.09 difference being attributable to the fact that respondent determined a tax liability of $53,866.09 for the 1985 year, rather than the rounded figure of $53,866 reported on petitioners' Form 1040 for that year.

[3] The petition was timely mailed on the 90th day, and thus is deemed to be timely filed. Sec. 7502.

(A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

(B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

(2) the amount of rebates, as defined in subsection (b)(2), made.

(b) RULES FOR APPLICATION OF SUBSECTION (A).—For purposes of this section—

\* \* \* \* \* \* \*

(2) The term "rebate" means so much of an abatement, credit, refund, or other payment, as was made on the ground that the tax imposed by subtitle A or B \* \* \* was less than the excess of the amount specified in subsection (a)(1) over the rebates previously made.

Petitioners' argument turns on the assertions that (1) the Form 1045 is not a "return" and (2) the amount credited by respondent as a result of a Form 1045 is not a "rebate" within the meaning of section 6211(a)(2) and (b)(2).

The authority for Form 1045 is found in section 6411, which provides:

SEC. 6411(a). APPLICATION FOR ADJUSTMENT.—A taxpayer may file an application for a tentative carryback adjustment of the tax for the prior taxable year affected by a net operating loss carryback provided in section 172(b), \* \* \* .

An application for a tentative carryback adjustment does not constitute a claim for credit or refund within the meaning of section 6511. Sec. 6411(a); sec. 1.6411-1(b)(2), Income Tax Regs. Petitioners' argument that the Form 1045 does not constitute a return need not be addressed in this case.[4]

We have previously held that a refund of taxes resulting from a Form 1045 is a "rebate" within the meaning of section 6211(a)(2) and (b)(2). *Pesch v. Commissioner*, 78 T.C. 100, 109-112 (1982). Petitioners try to distinguish their case on the ground that it involves a credit rather than a refund. That, however, is a distinction without a difference. The

---

[4]In a recent case where respondent argued that a Form 1045 does not constitute a return within the meaning of section 6013(e), we concluded that:

Although the Form 1045, standing alone, might not be a return, it was intended to modify, and, in that regard, did become an intrinsic part of petitioners' 1981 and 1982 returns. We think that relationship, resulting from the merger of that jointly executed Form 1045 and the 1981 and 1982 joint returns, satisfies the "on such return" language of section 6013(e)(1)(B). *Friedman v. Commissioner*, 97 T.C. 606, 610-611 (1991).

definition of "rebate" in section 6211(b)(2) expressly includes any "abatement, credit, refund, or other payment."

As we did in *Pesch v. Commissioner,* 78 T.C. at 111, we will examine each of the elements of the section 6211(a) definition of a "deficiency." The tax imposed is $53,866.09, the amount respondent determined in the notice of deficiency. The amount shown as the tax on petitioners' original 1985 return is $53,866. There is no amount previously assessed as a deficiency. The amount of rebates made for 1985 is $48,407.80. See *infra* note 5.

Applying the definition in section 6211(a), as we did in *Pesch,* we find that there is a "deficiency" in petitioners' 1985 income tax so as to confer jurisdiction on this Court:

| | | |
|---|---:|---:|
| Tax imposed by subtitle A ............................ | | $53,866.09 |
| Less: Amount shown as the tax by the taxpayers upon their return ...... | 53,866.00 | |
| Plus: Amount previously assessed as a deficiency .................... | 0 | |
| | 53,866.00 | |
| Less: Amount of rebates made ......... | 48,407.80 | |
| | | 5,458.20 |
| Amount of deficiency ............ | | 48,407.89 |

Petitioners' basic argument against this result, variously phrased, is that deficiency procedures apply only to deficiencies arising out of the 1985 tax year itself, or that deficiency procedures do not apply to a later disallowance of a previously allowed tentative carryback adjustment under section 6411. Hence, petitioners emphasize that the credit was given under section 6411 which is in subtitle F, not subtitle A. Petitioners say that a credit resulting from a tentative carryback adjustment under section 6411 (Form 1045) is not a "credit * * * made on the ground that the tax imposed by subtitle A * * * was less than the excess of the amount specified in subsection (a)(1) over the rebates previously made." Sec. 6211(b)(2). However, at the time the application for a tentative carryback adjustment was approved in 1988 and the credit made against petitioners' unpaid 1985 tax liability, that credit was made precisely because the amount of tax imposed by subtitle A after the

NOL was determined to be less than the excess of the amount specified in subsection (a)(1) (the amount of $53,866 shown on the 1985 return) over "the rebates previously made" (zero).[5] Sec. 6211(b)(2).

Petitioners make their argument by assuming the answer, assuming that a credit (or refund of taxes) arising out of a tentative carryback adjustment under section 6411 cannot constitute a rebate. Petitioners' real argument becomes more clearly focused when they say "the credit, in order to be a rebate, must result from the taxpayers' return showing less than the tax required by Subtitle A." In other words, since their 1985 return as filed showed tax of $53,866, which is substantially the correct income tax imposed by subtitle A ($53,866.09), there can be no deficiency. Petitioners would limit a deficiency to an error on the 1985 return itself. Petitioners ignore that they never paid the tax shown on their 1985 return and ignore that their tax liability was eliminated only by the credit resulting from the tentative carryback of the 1987 NOL, which has now been determined to have been erroneous.

In *Pesch v. Commissioner, supra,* where the tentative carryback adjustment resulted in a tax refund, we held that such tax refund was a "rebate" under section 6211(b)(2). Petitioners have not suggested, and we cannot think of, any reason why they should be treated differently when they did not even pay the 1985 tax in the first instance. Moreover, in *Pesch* the taxpayers' return did not show less tax than the tax required by subtitle A. Their tax return reported tax of $461,768, whereas the Commissioner determined that the tax imposed by subtitle A was $161,346. There was a deficiency in that case because the $461,768 had to be reduced by the total amount of the rebates made (the refund of $364,394 as a result of three applications for tentative carryback adjustments for NOL's from other years (1972, 1973, and 1974) to 1971). Sec. 6211(a)(2). There we held that all three applications were granted "and refunds

---

[5]The "rebates" referred to in the sec. 6211(a)(2) portion of the definition of a deficiency include all rebates made for the particular taxable year (here $48,407.80 for 1985). The "rebates previously made" language in the sec. 6211(b)(2) definition of rebates contemplates the possibility of several rebates being made at different times for the same taxable year. That occurred in *Pesch v. Commissioner,* 78 T.C. 100, 106-107, 109-110 (1982). That did not occur here. Only one rebate was made on June 20, 1988, and at that time there were no "rebates previously made."

made in the amounts requested 'on the ground that the tax imposed by subtitle A  * * *  is less than the excess of (1) the amount shown as the tax by the taxpayer upon his return  * * *  over (2) the amount of rebates previously made.' " *Pesch v. Commissioner,* 78 T.C. at 111; sec. 6211(b)(2). Thus we held that the tax refunds were rebates within the meaning of section 6211(a)(2) and (b)(2).

The taxpayers in *Pesch* argued that the quick refund under the Forms 1045 could not be recovered through the deficiency procedures "because it did not give rise to a deficiency within the meaning of section 6211(a)." 78 T.C. at 110. We rejected that argument there as to the tax refunds. We reject it here as to credits. In *Pesch,* as in this case, the deficiency was attributable solely to the later disallowance of the NOL carrybacks that had been tentatively allowed based on the Forms 1045. 78 T.C. at 107.

It is well established that respondent has three remedies by which to recover an "abatement, credit, refund, or other payment" erroneously allowed pursuant to applications under section 6411. These three methods include (1) an assessment of the deficiency attributable to a tentative carryback adjustment as if due to a mathematical error under section 6213(b)(1); (2) a civil action under section 7405; or (3) a notice of deficiency under section 6212. *Pesch v. Commissioner,* 78 T.C. at 117-118; *Midland Mortgage Co. v. Commissioner,* 73 T.C. 902, 905-906 (1980); *Fine v. Commissioner,* 70 T.C. 684, 687-688 (1978); *Neri v. Commissioner,* 54 T.C. 767, 770-771 (1970); *Polachek v. Commissioner,* 22 T.C. 858, 863-864 (1954); *Kurtzon v. Commissioner,* 17 T.C. 1542, 1547-1548 (1952). The deficiency may be due solely to the tentative carryback adjustment, and there need not be any error in the original return as filed.

Accordingly, we conclude that there was a rebate within the meaning of section 6211(a)(2) and (b)(2) in this case, that this is a proper case for deficiency procedures, that respondent has determined such a deficiency, and that this Court has jurisdiction in the case.

It should be noted that it is the Commissioner's "determination" of a deficiency and not the existence of a deficiency (i.e., not the correctness of that determination) that is the predicate for this Court's jurisdiction. *Hannan v. Commis-*

*sioner,* 52 T.C. 787, 790-791 (1969). This Court's jurisdiction is to "redetermine" the deficiency, i.e., decide whether or not the Commissioner's determination is correct, and this Court may find that the correct amount of tax is less than or more than the Commissioner has determined in the deficiency notice. Thus, the fact of a deficiency is not necessary for our jurisdiction, and as *Hannan v. Commissioner* points out at 791:

Indeed, were this not true, then the absurd result would be that in every case in which the Court determined that no deficiency existed, our jurisdiction would be lost.

To reflect the foregoing,

*An appropriate order will be issued.*