JOHN S. NERI AND MARY C. NERI, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1925–68. Filed April 14, 1970.

John S. Neri, pro se.
*Marlene Gross*, for the respondent.

OPINION

Petitioners contend that the refunds made pursuant to their applications for tentative carryback adjustments were "erroneous refunds" within the meaning of section 6532(b),[1] and that, consequently, any action by respondent for their recovery was required to be taken within 2 years after they were made. Respondent denies that his remedies are so limited, and asserts that, in addition to a suit for an erroneous refund, he may pursue either of the following courses: (1) Assessment as a mathematical error under section 6213(b)(2); or (2) assessment as a deficiency pursuant to a notice of deficiency, issued under section 6212 within the time prescribed by section 6501(h).[2] Since respondent followed the latter course, we limit our consideration to its validity and hold that the notice of deficiency was timely.

The net operating losses from which the present controversy stems were sustained by Plyorient, a subchapter S corporation, in its taxable years ending April 30, 1963, 1964, and 1965. As the sole shareholder of that corporation John was entitled to deduct these losses from his and Mary's gross income for 1963, 1964, and 1965, respectively. Sec. 1374(b). Any part of the losses not offset by petitioners' income in the loss years could be used as net operating loss carryback deductions, under the general rules of section 172, to reduce their taxable income for earlier years. To obtain this benefit they were entitled to file applications for tentative carryback adjustments under section 6411. Sec. 1.6411-1(a), Income Tax Regs. Subsection (b) of that section provides in part that "the Secretary or his delegate shall make, to the extent he deems practicable in such period, a limited examination of the application, to discover omissions and errors of computation therein." In the absence of such errors the section contemplates that the adjustment to tax will generally be credited or refunded within 90 days from the date the application is filed. Sec. 1.6411-3(a), Income Tax Regs.

This provision was first enacted as section 3780 of the Internal Revenue Code of 1939 by the Tax Adjustment Act of 1945 (Act of

---

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.
SEC. 6532. PERIODS OF LIMITATION ON SUITS.
  (b) SUITS BY UNITED STATES FOR RECOVERY OF ERRONEOUS REFUNDS.—Recovery of an erroneous refund by suit under section 7405 shall be allowed only if such suit is begun within 2 years after the making of such refund, except that such suit may be brought at any time within 5 years from the making of the refund if it appears that any part of the refund was induced by fraud or misrepresentation of a material fact.
[2] SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION.
  (h) NET OPERATING LOSS CARRYBACKS.—In the case of a deficiency attributable to the application to the taxpayer of a net operating loss carryback (including deficiencies which may be assessed pursuant to the provisions of section 6213(b)(2)), such deficiency may be assessed at any time before the expiration of the period within which a deficiency for the taxable year of the net operating loss which results in such carryback may be assessed, * * *

July 31, 1945, ch. 340, 59 Stat. 521) and was accompanied by a committee report (H. Rept. No. 849, 79th Cong., 1st Sess. (1945), 1945 C.B. 566, 580–583) which emphasized the tentative character of adjustments made pursuant thereto. Referring specifically to subsection (c) of 1939 Code section 3780—the predecessor of section 6213(b)(2), which authorizes the assessment as mathematical errors of deficiencies attributable to tentative carryback adjustments—the committee report states (1945 C.B. at 583) :

It is to be noted that the method provided in subsection (c) of section 3780 to recover any amounts applied, credited, or refunded under section 3780 which the Commissioner determines should not have been so applied, credited, or refunded is not an exclusive method. It is contemplated that the Commissioner will usually proceed by way of a deficiency notice in the ordinary manner, and the taxpayer may litigate any disputed issues before The Tax Court. The Commissioner may also proceed by way of a suit to recover an erroneous refund.

In light of this explanation, this Court has previously rejected a contention that the mathematical error procedure is exclusive. *Frank B. Polachek*, 22 T.C. 858, 863–865 (1954). For much the same reason we also reject petitioners' contention that the erroneous-refund procedure is exclusive, notwithstanding that the refunds herein were made with respect to improper years.

Turning to the question of the timeliness of the notice of deficiency issued to petitioners on February 2, 1968, section 6501(h) authorizes the Commissioner to assess a deficiency arising out of an erroneous carryback adjustment at any time within the period he could assess a deficiency for the year in which the loss occurred—"the taxable year of the net operating loss." *Frank B. Polachek, supra* at 863–865; see also *Edward G. Leuthesser*, 18 T.C. 1112, 1125 (1952) ; *Ione P. Bouchey*, 19 T.C. 1078 (1953). Section 6501(a) lays down the general rule that "the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed." Section 6501(b)(1) further provides that early returns "shall be considered" as filed on the last day prescribed by law for the filing thereof, in this case April 15 following the close of each of the years 1963, 1964, and 1965. The deficiency notice of February 2, 1968, was sent within 3 years of April 15 following the close of 1964 and 1965; and as to 1963, it is stipulated that petitioner agreed on January 27, 1967, within the 3-year period, to extend the time for the assessment of income taxes due for that year to June 30, 1968. The notice of deficiency was, therefore, timely.[3]

Petitioners' final argument is that respondent is estopped from determining the deficiencies here in dispute, because a representative of the IRS gave erroneous advice pursuant to which the applications for

---

[3] Careful review of the notice of deficiency shows that the determined deficiencies are attributable solely to adjustments of the net operating loss carryback. See *Edward G. Leuthesser,* 18 T.C. 1112 (1952) ; cf. sec. 6501(m).

tentative carryback adjustments were filed. We do not agree. Respondent does not deny that one of his representatives erred in the advice he gave; but this was simply a mistake in interpreting the law. In correcting it, the notice of deficiency recites that petitioners are entitled to the benefit of deductions for Plyorient's losses in the manner prescribed by section 1374. "The doctrine of equitable estoppel is not a bar to the correction by the Commissioner of a mistake of law." *Automobile Club* v. *Commissioner*, 353 U.S. 180, 183 (1957).[4]

Consistent with the foregoing conclusions,

*Decision will be entered for the respondent.*

---

[4] The case having been decided on its merits, respondent's motion to dismiss for failure of petitioners to carry their burden of proof is denied.