PETER J. BEINAR and ETHEL M. BEINAR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Beinar v. Commissioner
Docket No. 235-72.
United States Tax Court
T.C. Memo 1973-54; 1973 Tax Ct. Memo LEXIS 232; 32 T.C.M. (CCH) 244; T.C.M. (RIA) 73054; March 5, 1973, Filed *232 Held: Petitioner is not entitled to treat his pro rata share of the undistributed taxable income of an electing small business corporation as long-term capital gain, pursuant to sec. 1375(b), I.R.C. 1954, because the electing corporation did not enter into any capital transactions during the year in issue. Peter J. Beinar, pro se. Allan E. Lang, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: Respondent has determined a deficiency in petitioners' income tax of $3,133.66 for the *233 taxable year 1968. The issue for decision is whether petitioner is entitled 2 to treat his pro rata share of the undistributed taxable income of an electing small business corporation as long-term capital gain, when the electing corporation did not enter into any capital transactions during the year in issue. Some of the facts have been stipulated and are found accordingly. Petitioners are Peter J. Beinar (hereinafter referred to as petitioner) and Ethel M. Beinar, husband and wife, who resided in Riverside, Illinois, at the time of the filing of the petition herein. They filed a joint Federal income tax return for the taxable year 1968 with the district director of internal revenue in Chicago, Illinois. On December 31, 1968, petitioner was a shareholder of Windsor Medical Associates, S.C., an electing small business corporation. For the taxable period September 1, 1968 to December 31, 1968, petitioner's pro rata share of the undistributed taxable income of Windsor Medical Associates was $8,018.32. On his return for 1968, petitioner reported this amount as long-term capital gain. Windsor Medical Associates reported no capital transactions on its Federal small business *234 corporation income tax return for the taxable period September 1, 1968 to December 31, 1968. Section 1373(b), Internal Revenue Code of 1954, [1] provides 3 in part that a shareholder of an electing small business corporation shall include in his gross income and treat as a dividend, the amount he would have received as a dividend, if on the last day of the corporation's taxable year there had been distributed pro rata to its shareholders by such corporation an amount equal to the corporation's undistributed taxable income for the corporation's taxable year. Section 1375(a) qualifies the requirements of section 1373(b) by providing in part that the amount includible in the gross income of a shareholder as dividends shall be treated as a long-term capital gain "to the extent of the shareholder's pro rata share of the excess of the corporation's net long-term capital gain over its net short-term capital loss for such taxable year." In the present case, Windsor Medical Associates' net long-term capital gain did *235 not exceed its net short-term capital loss because it entered into no capital transactions during the year in issue. Accordingly, petitioner is not entitled to treat any part of his pro rata share as long-term capital gain. Citing Baird v. Commissioner, 438 F.2d 490 (3rd Cir. 1970), petitioner contends that respondent is estopped from changing his legal theory in order to classify as ordinary income amounts that respondent previously classified as 4 capital gain. Petitioner's reliance on Baird is misplaced. The doctrine of equitable estoppel is not a bar to the correction by the Commissioner of a mistake of law. Automobile Club of Mich. v. Commissioner, 353 U.S. 180 (1957); John S. Neri, 54 T.C. 767 (1970). Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise indicated. ↩