WILLIAM J. and RITA ALEXANDER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Alexander v. Commissioner
Docket No. 12408-78.
United States Tax Court
T.C. Memo 1980-71; 1980 Tax Ct. Memo LEXIS 515; 39 T.C.M. (CCH) 1231; T.C.M. (RIA) 80071; March 13, 1980, Filed William J. Alexander, pro se. Helen T. Repsis, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Edna G. Parker pursuant to section 7456(c), Internal Revenue Code of 1954[1] and Rules 180 *516 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PARKER, Special Trial Judge: Respondent determined a definciency in petitioners' Federal income tax for the year 1975 in the amount of $601.54 and determined an excise tax liability under section 4973(a) of $90. The issues are (1) whether petitioner William J. Alexander is entitled to a deduction of $1,500 under section 219 for his contribution to an Individual Retirement Account (IRA) and (2) whether he is liable for the six percent excise tax imposed by section 4973(a) on "excess contributions" to an IRA. FINDINGS OF FACT Many of the facts in this case were stipulated. The stipulation of facts and the exhibits attached *517 thereto are incorporated herein by this reference. Petitioners timely filed their Federal joint income tax return for the taxable year 1975 with the Internal Revenue Service Center at Austin, Texas. At the time the petition herein was filed, petitioners were residents of Wichita Falls, Texas. Petitioner William J. Alexander (hereinafter petitioner) was employed by the Federal Energy Administration from April 6, 1970 until June 28, 1975, and during that period of employment amounts were withheld from his wages as contributions to the U.S. Civil Service Retirement Program. Upon his resignation from the Federal Energy Administration, petitioner elected to withdraw all of his contributions to the Civil Service Retirement Program, including those made during 1975. The full amount of his contributions was returned to him during 1975. The amount returned to him represented his contributions only. He did not receive any interest or any amount representing any contribution by the United States Government. Petitioner could have elected to leave his contributions in the Civil Service Retirement System, and had he done so would have become eligible for a deferred annuity upon reaching *518 the age of 62. Such a deferred annuity would be based in part upon the amount of the individual's salary for the high-three years of his Federal employment. The annuitant would first receive as annuity payments the amount of his own contributions to the system, and after he had recovered his own contributions the Government would provide the annuity payments for the rest of the annuitant's life. In 1975 petitioner contributed $1,500 to an Individual Retirement Account (IRA), and on his tax return deducted it under section 219. On audit respondent disallowed the deduction, and also imposed a six percent excise tax under section 4973(a) on the "excess contributions" of $1,500. OPINION Section 219(a) allows a taxpayer to deduct certain amounts paid during the taxable year to an IRA. However, section 219(b)(2)(A)(iv) specifically disallows the deduction "if for any part of such year", the taxpayer was "an active participant" in various types of plans, including "a plan established for its employees by the United States." As an employee of the Federal Energy Administration, petitioner was covered by the Civil Service Retirement Program for a part of 1975. Therefore, under *519 the clear terms of the statute, he was not entitled to a deduction for his contribution to an IRA. Section 219(b)(2)(A); Orzechowski v. Commissioner,69 T.C. 750 (1978), affd. 592 F. 2d 677 (2d Cir. 1979); Guest v. Commissioner,72 T.C. 768 (1979). The same result has been reached in a series of memorandum opinions, where the Court has found that the taxpayer was "an active participant" in a plan for some part of the year, and the latest one of those cases actually involved a former Federal employee like petitioner. [3]
*520 Against the overwhelming case law contrary to his position, petitioner argues that someone at the Internal Revenue Service told him he could open an IRA and that he should be able to open an IRA because nothing "accrued" to him under the Civil Service Retirement Program. As to the first argument, it is well established that the Government and this Court are not bound by the erroneous legal advice of an employee of the Internal Revenue Service. [4] As to the second argument, the cases cited above and the legislative history discussed therein clearly demonstrate that an individual is considered an active participant in a plan "if he is accruing benefits under the plan even if he only has forfeitable rights to those benefits." H. Rept. No. 93-807, 93d- Cong., 2d Sess., 1974-3 C.B. (Supp.) 236, 363-364. Petitioner still argues that nothing accrued to him because-- *521 I got back "penny for penny" that which I put in the fund. Nothing more nor nothing less. No interest, no contributions, no nothing. That is a peculiar reading of the term "accrue". Petitioner agrees that he was covered by the Government retirement plan until he resigned from his position and withdrew his contributions. Benefits under a plan are considered to accrue even if the rights to the benefits are forfeitable. Petitioner's rights were not necessarily forfeitable. He could have elected to leave his money in the program and receive a deferred annuity at age 62. Moreover, there is always the possibility that he may return to the Federal service, in which event he will be able to redeposit into the Civil Service Retirement System his refunded contributions, plus interest, and again be covered by that system. This is exactly the type of double benefit that the Congress intended to prevent by denying deductions for an IRA if the person was "an active participant" in any other plan "for any part of such year." See H. Rept. 93-807, supra, 1974-3 C.B. (Supp.), at p. 364. Respondent properly disallowed petitioner's contribution to an IRA. It follows that his $1,500 contribution *522 constituted "excess contributions" subject to the six percent excise tax under section 4973(a). Orzechowski v. Commissioner,supra. We accordingly sustain the imposition of that excise tax. Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the tax year here involved. ↩
2. Pursuant to the order of assignment and on authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Pervier v. Commissioner,T.C. Memo. 1978-410; Goldstein v. Commissioner,T.C. Memo. 1978-480; Foulkes v. Commissioner,T.C. Memo. 1978-498; Coleman v. Commissioner,T.C. Memo. 1979-255; Cooper v. Commissioner,T.C. Memo. 1979-256; Kacin v. Commissioner,T.C. Memo. 1979-410; Thede v. Commissioner,T.C. Memo. 1979-417; Tallon v. Commissioner,T.C. Memo. 1979-423; Toloczko v. Commissioner,T.C. Memo. 1979-424; Thiemann v. Commissioner,T.C. Memo. 1979-569; and Hauser v. Commissioner,T.C. Memo. 1980-13↩ [former Federal employee].
4. Dixon v. United States,381 U.S. 68, 72-73 (1965); Automobile Club v. Commissioner,353 U.S. 180, 183 (1957); Neri v. Commissioner,54 T.C. 767, 771-772 (1970); Fortugno v. Commissioner,41 T.C. 316, 323 (1963), affd. 353 F. 2d 429↩ (3d Cir. 1965).