DONALD D. AND VERA H. BURK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burk v. Commissioner
Docket No. 10020-84.
United States Tax Court
T.C. Memo 1986-233; 1986 Tax Ct. Memo LEXIS 375; 51 T.C.M. (CCH) 1156; T.C.M. (RIA) 86233; June 9, 1986. Donald D. Burk, pro se. Robert F. Cunningham, for the respondent. PAJAK
MEMORANDUM OPINION PAJAK, Special Trial Judge: This case was assigned pursuant to section 7456 of the Code and Rule 180. [1]
Respondent determined a *376 deficiency in petitioners' 1980 Federal income tax in the amount of $1,976. The only issue for decision is whether petitioners are entitled to a residential energy credit under section 44C. To the extent stipulated, the relevant facts are so found. [2] Petitioners resided in Eau Claire, Wisconsin, at the time they filed their petition. In 1979, petitioners began the construction of a new residence. Petitioners wished to heat the residence with a heating system that would conserve energy and also would qualify for an energy tax credit. When petitioners made the decision sometime in 1979 to install the heating system, they were advised by Internal Revenue Service representatives that the expenditures for the system would qualify for such a credit. The heating system installed by petitioners extracts heat from ground water by means of a heat pump. The water used in the system is drawn from a well 190 feet deep. The system *377 pumps ground water into the house and circulates the water through a bimetal coil. Freon coils around the bimetal coil are used to extract the natural warmth from the water. This apparatus is called a heat pump extractor. A forced air fan then circulates the heat through the home. Although the exact temperature of the ground water is not known, petitioners concede that it is less than 50 degrees Celsius (122 degrees Fahrenheit) at the wellhead. Based on petitioner Donald D. Burk's testimony, we find that it was about 14 degrees Celsius at the wellhead. On their joint 1980 Federal income tax return, petitioners claimed a geothermal energy credit in the amount of $1,976. Respondent disallowed this credit because the water used in petitioners' heating system did not qualify as a geothermal deposit. Section 44C [now section 23] provides that an individual taxpayer will be allowed a credit against tax for "qualified renewable energy source expenditures." These expenditures must be made with respect to renewable energy source property. Section 44C(c)(2)(A). Renewable energy source property includes property which, when installed in connection with a dwelling, transmits or uses *378 energy derived from geothermal deposits. Section 44C(c)(5)(A)(i). Under section 44C(c)(6)(A)(i), the Secretary is authorized to issue regulations which establish specific criteria to be used in prescribing performance and quality standards for renewable energy source property. The Secretary has issued section 1.44C-2(h), Income Tax Regs., which provides in pertinent part that: The term "geothermal energy property" includes equipment * * * necessary to transmit or use energy from a geothermal deposit to heat or cool a dwelling * * *. A geothermal deposit is a geothermal reservoir consisting of natural heat which is from an underground source and is stored in rocks or in an aqueous liquid or vapor (whether or not under pressure), having a temperature exceeding 50 degrees Celsius as measured at the wellhead or, in the case of a natural hot spring (where no well is drilled), at the intake to the distribution system. [Emphasis added.] Petitioners' heating system does not qualify as geothermal property under the regulations because it does not use water which has a temperature exceeding 50 degrees Celsius at the wellhead. Petitioners first contend that the 50 degrees requirement, *379 as set forth in the regulation, is contrary to the intent of Congress in enacting section 44C. Since the regulation in question here was not in effect in 1979 when they made their decision to install the heating system, they also argue that it is arbitrary and unreasonable for respondent to apply his regulations retroactively. [3] Lastly, they claim they were advised by respondent's agents that they would be entitled to the credit. With respect to petitioners' first argument, this Court has upheld the validity of section 1.44C-2(h), Income Tax Reg. under facts similar to those present here. Peach v. Commissioner,84 T.C. 1312 (1985). See Hickey v. Commissioner,T.C. Memo. 1986-186; Bayless v. Commissioner,T.C. Memo. 1986-113; Rabenold v. Commissioner,T.C. Memo. 1985-309, on *380 appeal (11th Cir., Sept. 23, 1985); Reddy v. Commissioner,T.C. Memo. 1984-395, affd. per order (4th Cir., August 29, 1985). In Peach v. Commissioner,supra, the Court explained that this regulation was promulgated pursuant to a specific legislative authority and since it is legislative in nature, it should be sustained unless clearly inconsistent with the statute. The Court held that: "a requirement of a temperature exceeding 50 degrees Celsius is a reasonable regulation for determining the heat requirement of a geothermal deposit." (Fn. ref. omitted.) Peach v. Commissioner,supra at 1317. Petitioners' second argument also has been considered and rejected by this Court. In Peach v. Commissioner,supra, the Court observed that under section 7805(b) respondent may apply regulations retroactively unless otherwise specified. The Court further noted that "except in unusual circumstances, making a regulation retroactive is not an abuse of discretion by the Commissioner." Peach v. Commissioner,supra at 1318. Lastly, whatever Internal Revenue Service representatives may have advised *381 petitioners, it is well established that the Commissioner is not bound by an erroneous interpretation of law by his agents but must follow the statutes, regulations and case law. Dixon v. United States,381 U.S. 68, 72-73 (1965); Neri v. Commissioner,54 T.C. 767 (1970). Although petitioners' attempt to conserve energy and thus benefit the nation by reducing its dependency on imported fuel supplies is commendable, they are not entitled to a residential energy credit in 1980 under section 44C and section 1.44C-2(h), Income Tax Regs. Accordingly, respondent's determination is sustained. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as in effect during the taxable year in issue, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent has objected to paragraph 10 of the stipulation of facts on the grounds that the statements contained there are not relevant to the proceedings. We agree. Accordingly, we do not find as fact any of the statements contained in that paragraph.↩
3. Proposed regulations setting forth a 60 degrees Celsius requirement were published by the Secretary in the Federal Register (44 Fed. Reg. 29923 (1979)) on May 23, 1979. Section 1.44C-2(h), Income Tax Regs., setting forth the 50 degrees requirement was published on Aug. 29, 1980 (45 Fed. Reg. 57712↩ (1980)).