JOHN H. BARRETT and MARY E. BARRETT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barrett v. Commissioner
Docket No. 12914-90
United States Tax Court
T.C. Memo 1992-611; 1992 Tax Ct. Memo LEXIS 641; 64 T.C.M. (CCH) 1080; October 14, 1992, Filed *641 Decision will be entered for respondent. For John H. Barrett and Mary E. Barrett, pro se. For Respondent: David A. Breen. RAUM
RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined a deficiency in income tax of $ 14,496 against petitioners for the tax year 1985. Petitioner John H. Barrett received a lump-sum distribution from a profit-sharing plan in 1985 and rolled over a portion of that distribution into his individual retirement account ("IRA"). The principal issue for decision is whether petitioners are precluded by section 402(a)(6)(C)[1] from electing under former section 402(e)(1) to use 10-year averaging for the remaining portion that was not rolled over. The case was submitted on the basis of a stipulation of facts. Petitioners, husband and wife, resided in West Chester, Pennsylvania, at the time they filed their petition. All references to petitioner in the singular *642 are to the husband, John H. Barrett. Petitioner began employment at F & P Engineers, Inc. ("F & P") in 1977 and was a participant in F & P's profit-sharing plan. He was laid off and ceased employment with F & P in early 1985. Upon termination of his employment with F & P, petitioner received a lump-sum distribution in 1985 from the profit-sharing plan in the amount of $ 73,671. Since petitioner had not made any contributions to the plan, the entire $ 73,671 was taxable. Petitioner rolled over $ 15,000 of the lump-sum distribution to his IRA on March 1, 1986, which was within the prescribed period of time for making such a tax deferred rollover contribution. That portion of the distribution was accordingly not reported as income on petitioners' 1985 return. The remaining $ 58,671 of the distribution was reported on petitioners' 1985 tax return on Form 4972, using the 10-year averaging method. Form 4972 in its pre-1987 version was the IRS tax form designated for use in reporting lump-sum distributions as ordinary income subject to 10-year averaging, pursuant to section 402(e)(1) as then in effect. [2] The Commissioner's notice of deficiency stated: It has been determined that *643 as you rolled over $ 15,000 of a lump sum pension distribution into an IRA (Individual Retirement Account), Internal Revenue Code Section 402(a)(6)(c) [sic] states that you may not claim the benefits afforded by Internal Revenue Code Section 402(e)(1) which allows for a special ten-year election. Accordingly, the balance of the pension distribution, or $ 58,671, must be reported and taxed as ordinary income. We sustain the Commissioner. Pursuant to section 402(a), amounts distributed from a tax qualified pension or profit-sharing plan are generally taxable to the recipient in the year of receipt. Among the numerous provisions affecting this general rule is section 402(a)(5)(A) which, subject to certain *644 limitations not applicable here, provides that any portion of a lump-sum distribution may be "rolled over" -- i.e., transferred to an eligible retirement plan -- and thus allows the taxpayer to continue to defer taxation of the rolled over portion. Here, petitioner rolled over $ 15,000 of the distribution. However, section 402(a)(6)(C) sets forth the treatment of the taxable portion of the distribution, -- here, $ 58,671 --, as follows: (C) TREATMENT OF PORTION NOT ROLLED OVER. -- If any portion of a lump sum distribution is transferred in a transfer to which paragraph (5)(A) applies, * * * paragraphs (1) and (3) of subsection (e) shall not apply with respect to such lump sum distribution. The reference in section 402(a)(6)(C) to "paragraphs (1) and (3) of subsection (e)" is relevant in this case only insofar as it relates to (e)(1), the paragraph that then provided for 10-year averaging of lump-sum distributions received prior to 1987. [3] Such averaging treatment in essence requires the distribution to be treated as though one-tenth of it were received as the taxpayer's only income in each of 10 separate years. [4]Section 402(a)(6)(C) in effect provides that if a taxpayer makes *645 an election to roll over any portion of a lump-sum distribution into an IRA or qualified plan, 10-year averaging is not available with respect to such distribution. Petitioner's bifurcation of the lump-sum distribution fell squarely within the language of section 402(a)(6)(C). A portion of the lump-sum distribution was rolled over into an IRA ("transferred in a transfer to which paragraph (5)(A) applies"), and 10-year averaging is therefore not available with respect to such distribution ("paragraphs (1) and (3) of subsection (e) shall not apply *646 with respect to such lump sum distribution"). Section 402(a)(6)(C). Thus, the plain language of the statute prohibits petitioner from electing 10-year averaging, since he rolled over a portion of the lump-sum distribution into an IRA. Because 10-year averaging is not available with respect to the portion of the distribution that was not rolled over into the IRA, such portion is includable in its entirety in the taxpayer's income for the year of distribution subject to tax at the appropriate rates. Cf. Fowler v. Commissioner, 98 T.C. 503 (1992). If there were any doubt about the matter, the legislative history of section 402(a)(6)(C) makes clear that the words of the statute mean precisely what they say. Section 402(a)(6)(C) was added to the Code in 1978 as part of a broader statutory amendment authorizing partial rollovers of lump-sum distributions. Pub. L. 95-458, sec. 4, 92 Stat. 1255, 1257-1260 (1978). The legislative history discloses that even though Congress was willing to allow rollovers of less than all of recipients' lump-sum distributions in certain cases, it still did not intend 10-year averaging to be used in conjunction with the *647 rollover election. The report of the Senate Finance Committee states (S. Rept. 95-1127, at 8, 9 (1978), 1978-2 C.B. at 372, 373): The provision permits a plan participant who receives a lump-sum distribution from a qualified retirement plan * * * to make a rollover contribution of all or a portion of the distribution * * *. If the individual makes a rollover contribution of less than the full distribution eligible for rollover treatment, the amount retained will be taxed in the year of receipt as ordinary personal service income and will not be eligible for special 10-year income averaging. [Emphasis added.] Thus, Congress clearly intended the 10-year averaging provision, unlike the rollover provision, to apply only on an "all-or-nothing" basis. A taxpayer must elect 10-year averaging with respect to the entire taxable amount of lump-sum distributions or not at all. [5]
*648 Petitioners argue in the alternative that, if they cannot elect 10-year averaging on the portion of the distribution that was not contributed to the IRA in the partial rollover, they should nonetheless have the right to revoke the rollover contribution, and then elect 10-year averaging on the entire distribution. The point is not well taken. Treasury Regulations governing the treatment of rollovers provide that an election to contribute any portion of a qualified total distribution to an IRA is irrevocable if the return on which the election was made was filed on or after March 21, 1986. Sec. 1.402(a)(5)-1T, Q & A-3, Q & A-4, Temporary Income Tax Regs., T.D. 8073, 1986-1 C.B. 45, 55, 51 Fed. Reg. 4320 (Feb. 4, 1986). The validity of this regulation is not challenged. In this case, petitioners' return for 1985 was filed on April 15, 1986, i.e., 25 days after the date specified in the regulation. Petitioners' rollover election was therefore irrevocable under the express terms of the regulation. It was so held recently in Hall v. Commissioner, T.C. Memo. 1991-133, where the taxpayers *649 had similarly filed their 1985 return on April 15, 1986, the same date as in the present case, which, as just noted, was 25 days after the date (March 21, 1986) that the rollover election was made irrevocable by the regulation. We find the present case indistinguishable from Hall on the revocation issue. Although we decide this case against petitioners, we do so reluctantly. Their pro se brief, apparently written by Mr. Barrett, states in substance that he personally prepared the 1985 return, and that the return was in accord with advice he had received from IRS employees. However, such statements of fact in a brief are not evidence, cf. Kronish v. Commissioner, 90 T.C. 684, 695-696 (1988), and are in any event legally irrelevant, cf. Wilkinson v. United States, 157 Ct.Cl. 847, 304 F.2d 469, 475 (1962); Neri v. Commissioner, 54 T.C. 767, 771-772 (1990). Although petitioner seems to recognize that the law is against his position, he asks us to decide in his favor, in effect suggesting that we exercise powers that we do not have. Notwithstanding that we cannot make findings *650 on the basis of statements in a brief, Mr. Barrett's statements do have a ring of credibility, particularly his further statements that he is concerned about his retirement, since the last two employers for whom he worked for 20 years are no longer in business and the pensions from them will be minimal. We are saddened to approve a deficiency upon highly technical grounds, where the amount of tax would appear to have a substantially adverse effect upon the retirement of a person of obviously modest means in the autumn of his life. We have from time-to-time complained about the complexity of our revenue laws and the almost impossible challenge they present to taxpayers or their representatives who have not been initiated into the mysteries of the convoluted, complex provisions affecting the particular corner of the law involved. See DeMarco v. Commissioner, 87 T.C. 518, 526 (1986), affd. without published opinion 831 F.2d 281 (1st Cir. 1987); Estate of Rosenberg, 86 T.C. 980, 986-987, 988-989 (1986), affd. without published opinion 812 F.2d 1401 (4th Cir. 1987); Bolton v. Commissioner, 77 T.C. 104, 109 (1981), *651 affd. 694 F.2d 556 (9th Cir. 1982); Pleasanton Gravel Co. v. Commissioner, 64 T.C. 510, 516 (1975), affd. 578 F.2d 827 (9th Cir. 1978); Frankfort v. Commissioner, 52 T.C. 163, 168 (1969); Foxman v. Commissioner, 41 T.C. 535, 550, 551 n.9 (1964), affd. 352 F.2d 466 (3d Cir. 1965); Van Products, Inc. v. Commissioner, 40 T.C. 1018, 1028 (1963); Lewis v. Commissioner, 35 T.C. 71, 76 (1960); Cf. Occidental Petroleum Corp. v. Commissioner, 82 T.C. 819, 829 n.6 (1984). Our complaints have obviously fallen upon deaf ears. Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue.↩
2. For distributions received after December 31, 1986, the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1122(a)(2), 100 stat. 2085, 2466, substituted 5-year averaging, subject to certain restrictions, in place of 10-year averaging. See Grumbles v. Commissioner, T.C. Memo. 1992-489↩.
3. These provisions of sec. 402(e) were amended by the Tax Reform Act of 1986 in respect of distributions made after December 31, 1986. See supra↩ note 2.
4. There are certain differences between the amount of tax imposed by the 10-year averaging provisions and the amount of tax that would actually be imposed if one-tenth of the lump-sum distribution were received in each of the 10 years. However, these differences do not affect the basis for deciding this case.↩
5. However, 10-year averaging does not apply to the portion of a taxable distribution computed under sec. 402(a)(2) that relates to contributions made before January 1, 1974, and which are therefore eligible for capital gains treatment under sec. 402(a)(2)↩ as in effect for the period prior to January 1, 1987. Since petitioner began working for F & P in 1977, the 1985 distribution had no capital gain component allocable to this provision. Accordingly, this provision would not have any effect on the right to use 10-year averaging in respect of the distribution if 10-year averaging were otherwise available.