ERMA CLARKE AND JAMES CLARKE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clarke v. Commissioner
Docket No. 10680-93
United States Tax Court
T.C. Memo 1994-390; 1994 Tax Ct. Memo LEXIS 399; 68 T.C.M. (CCH) 398; 94-2 U.S. Tax Cas. (CCH) P47,952; August 17, 1994, Filed *399 Decision will be entered under Rule 155. Erma Clarke and James Clarke, pro se. For respondent: Gary L. Bloom. GERBER
GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent, for petitioners' 1990 taxable year, determined a $ 9,312 Federal income tax deficiency and a $ 1,862 addition to tax under section 6662(a). [1] Respondent has conceded that petitioners are not liable for the addition to tax under section 6662(a). Petitioners have conceded all adjustments except whether they are entitled to tax-deferred treatment in rolling over a distribution from an individual retirement account (IRA) to an investment in their private residence. FINDINGS OF FACT [2]
*400 Petitioners resided in Afton, Oklahoma, at the time their petition was filed. During March 1990, petitioners each withdrew $ 16,361, for a total of $ 32,722, from their respective IRAs. At the time of the withdrawal, each petitioner's age exceeded 59-1/2. Petitioners had telephoned respondent's assistance number and spoken with a representative. Petitioners inquired whether the withdrawal of funds from their IRAs would be taxable if the withdrawn funds were used to purchase a personal residence. Petitioners believe that they were advised that the use of withdrawn IRA funds to purchase a private residence would not result in a taxable transaction. Respondent believes that petitioners were advised that petitioners would not be liable for the 10-percent penalty for premature withdrawal under section 72(t). Relying on their understanding of respondent's advice, petitioners withdrew funds from their IRAs and used them to purchase a residence. Petitioners would not have purchased a residence if they thought the withdrawals were taxable because they would not have been financially able to both purchase the house and pay the tax. OPINION Petitioners' withdrawal of their IRA funds *401 would, without further action, result in a taxable event. Sec. 408(d)(1); sec. 1.408-4(a), Income Tax Regs. If, within 60 days, petitioners roll the distributions over into another qualified IRA or a qualified pension plan, the taxable event may continue to be deferred. Sec. 408(d)(3)(A)(i); sec. 1,408-4(b)(1), Income Tax Regs. Petitioners bear the burden of proving that respondent's determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Petitioners admit that they received $ 32,722 from their IRAs during 1990, but they argue that the taxable event should continue to be deferred because they followed the advice that they had received from respondent's taxpayer assistance program. Petitioners further argue that, even if respondent's advice was wrong, the withdrawal should not be taxable because it was respondent's and not petitioners' error. Petitioners were truthful and credible witnesses, and their position is one that elicits compassion. [3] The relief petitioners seek, however, is not an alternative that is statutorily available, and we have no choice but to find, as we do, that the $ 32,722 withdrawal is fully taxable *402 as ordinary income for petitioners' 1990 taxable year. Harris v. Commissioner, T.C. Memo. 1994-22. Although we cannot be certain whether petitioners misunderstood respondent's representative's advice or whether erroneous advice was rendered, that distinction would not make a difference in the outcome of this case. In situations where the Commissioner's representatives provide erroneous advice based upon a mistaken interpretation of the law, courts and the Commissioner are not bound by the agent's statements and must follow the statutes, regulations, and case law. Dixon v. United States, 381 U.S. 68, 72-73 (1965); Automobile Club of Michigan v. Commissioner, 353 U.S. 180, 183 (1957); *403 Neri v. Commissioner, 54 T.C. 767, 771-772 (1970); DiPlacido v. Commissioner, T.C. Memo. 1993-169. Due to agreement of the parties, Decision will be entered under Rule 155.
Footnotes
1. Section references are to the Internal Revenue Code in effect for the tax year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The parties have stipulated facts and exhibits, all of which are incorporated by this reference.↩
3. We note that petitioners were older than 59-1/2 years at the time of the withdrawal and investment in their personal residence. In those circumstances it is difficult to conceive of when or whether petitioners could have expected that the tax-deferred retirement accounts would be subjected to taxation.↩