T.C. Summary Opinion 2002-108

UNITED STATES TAX COURT

CLAUDIA J. DUNN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5131-01S.          Filed August 22, 2002.

Claudia J. Dunn, pro se.

<u>Rollin G. Thorley</u>, for respondent.

WOLFE, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
all section references are to the Internal Revenue Code in effect
for the year in issue, and all Rule references are to the Tax

Court Rules of Practice and Procedure.

Respondent determined a deficiency of $4,199 in petitioner's 1998 Federal income tax. The issue for decision is whether petitioner is subject to the 10-percent additional tax under section 72(t)(1) on a distribution from a qualified retirement plan.

## Background

Petitioner resided in Roseville, California, when the petition was filed. Prior to and during the year at issue petitioner worked as a registered nurse. At some point during 1998, petitioner apparently became convinced from watching television that, according to a recently enacted law, early distributions from qualified retirement plans no longer were subject to a 10-percent additional tax if the distributions were used to pay the taxpayer's qualified higher education expenses. Petitioner telephoned respondent's assistance number and spoke with a representative. As a result of her conversation with respondent's representative, petitioner had the impression that the information she had heard on television was correct.

Before hearing about the new law, petitioner had been considering continuing her education in order to advance her career as a nurse. After speaking with respondent's representative, petitioner withdrew $41,993 from a qualified retirement plan account at the Lincoln National Life Insurance

Company.  Petitioner received the entire distribution in 1998.

Petitioner included the distribution from her retirement plan in her income tax return for 1998.  In a notice of deficiency dated March 8, 2001, respondent determined a deficiency of $4,199 in petitioner's 1998 Federal income tax.  Respondent determined that the entire distribution from petitioner's retirement plan in 1998 is subject to the additional tax under section 72(t)(1).

## Discussion

Section 72(t)(1) imposes a 10-percent additional tax on distributions from qualified retirement plans.  Section 72(t)(2) lists specified exceptions to the imposition of the 10-percent additional tax.  Under the exception described in section 72(t)(2)(E), distributions to an individual from a qualified retirement plan generally are not subject to the 10-percent additional tax to the extent the distributions do not exceed the individual's qualified higher education expenses for the taxable year.  Qualified higher education expenses include tuition, fees, books, supplies, and equipment required for enrollment or attendance of the taxpayer or the taxpayer's spouse or child, among others, at an eligible educational institution.  Secs. 72(t)(7)(A), 529(e)(3)(A).  Under some circumstances, qualified higher education expenses also may include the costs of room and board.  However, in the present case petitioner has failed to

show that she satisfied the statutory requirements to deduct room and board.

Section 529(e), expressly limits room and board benefits to individuals who are eligible students, as defined in section 25A(b)(3), and satisfy specified additional requirements.

Petitioner's educational program at the University of Phoenix commenced on September 30, 1998. The "Student Schedule Listing" provided by petitioner shows only two courses in 1998, "Role of the Nurse Practitioner," a three-credit course held at 6 p.m. each Wednesday between September 30, 1998 and November 4, 1998, and "Advanced Nursing Theory," also a three-credit course at 6 p.m. on Wednesdays from November 11, 1998 to January 6, 1999. Petitioner has failed to substantiate that in 1998 she was an "eligible student," as defined in section 25A(b)(3)(B), "carrying at least ½ the normal full-time work load for the course of study the student is pursuing." The record in this case shows that petitioner continued her full-time employment as a nurse throughout the year in issue and incurred no room and board expenses allocable to her education.

Petitioner submitted into evidence a copy of a Customer Account History maintained by the University of Phoenix, which lists the invoice dates and the payment dates of petitioner's transactions with the University of Phoenix from September 1998

to January 2002.  The following transactions had invoice dates in 1998:

| Payment | Method of payment | Invoice date | Payment date |
|---------|-------------------|--------------|--------------|
| $50.00 | Check | 9/11/1998 | 9/10/1998 |
| 45.00 | Check | 9/11/1998 | 9/10/1998 |
| 80.27 | Check | 9/23/1998 | 9/23/1998 |
| 1,038.00 | EFT[1] | 9/30/1998 | 1/25/1999 |
| 86.20 | Check | 11/10/1998 | 11/10/1998 |
| 1,038.00 | EFT | 11/11/1998 | 1/25/1999 |

Petitioner made four payments to the University of Phoenix in 1998 totaling $261.47.  Petitioner also made two payments to the University of Phoenix in 1999 for expenses that were incurred in 1998.  The latter two expenses cannot be treated as qualified higher education expenses for 1998.  Petitioner, as a cash method taxpayer, is not entitled to accrue expenses.  Under the cash receipts and disbursements method of accounting "Expenditures are to be deducted for the taxable year in which actually made".  Sec. 1.446-1(c)(1)(i), Income Tax Regs.; see secs. 446, 461; sec. 1.461-1(a)(1), Income Tax Regs.  Petitioner's higher education expenses for 1998 are limited to the qualified higher education expenses that she actually paid during 1998.  Accordingly, only $261.47 of petitioner's payments to the University of Phoenix qualify as qualified higher education expenses for 1998.

Petitioner mentioned that her daughter was a student.  But petitioner provided no information to indicate the amount of any expenses she may have incurred for the education of her daughter

---

[1] Electronic funds transfer.

during 1998.

Petitioner argues that it would be inequitable for the 10-percent additional tax to apply to any part of the distribution from her retirement plan in 1998 because it is unrealistic to expect a student to complete higher education in less than one year.

Petitioner's argument is misguided. There is no requirement in either section 72(t) or section 529(e)(3) that a taxpayer must complete a higher education within one year to avoid the section 72(t)(1) additional tax on early distributions from a qualified retirement plan. A taxpayer-student can avoid the section 72(t)(1) tax simply by withdrawing during the year an amount less than or equal to the amount that the taxpayer pays for higher education expenses for that year.

In the present case, petitioner explained that she withdrew $41,993 from her qualified retirement account because she required funds to buy a car and to pay off bills in addition to paying amounts to the University of Phoenix during 1998. On this record it is clear that petitioner did not withdraw the $41,993 from her retirement account for education expenses but used the bulk of the amounts withdrawn for personal living expenses.

Petitioner further argues that the distribution should not be subject to the 10-percent additional tax because she is entitled to rely on the advice of respondent's representatives.

Although we cannot be certain whether petitioner misunderstood the advice she received or whether erroneous advice was rendered, that distinction does not make a difference in this case. It is well established that respondent is not bound by an erroneous interpretation of the law by his agents or employees but must follow the statutes, regulations, and case law. See Dixon v. United States, 381 U.S. 68, 72-73 (1965); Zimmerman v. Commissioner, 71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979); Neri v. Commissioner, 54 T.C. 767, 771-772 (1970).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

under Rule 155.