# United States Tax Court

T.C. Summary Opinion 2026-2

INGRID MARIA PERSSON,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 8380-22S.                    Filed February 9, 2026.

————

Ingrid Maria Persson, pro se.

*Joel A. Buytkins*, for respondent.

SUMMARY OPINION

PANUTHOS, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In a Notice of Deficiency dated March 18, 2022, respondent determined a deficiency in petitioner's federal income tax of $11,436 for taxable year 2019 (year in issue).

The issue for decision is whether (1) petitioner is liable for a deficiency totaling $11,436 for the year in issue stemming from advance premium tax credit (APTC) payments she received and (2) if so, whether

_____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

respondent's determination of the related deficiency is precluded by an installment agreement executed on September 6, 2021.

*Background*

Some of the facts have been stipulated and are so found. The Stipulation of Facts and the attached Exhibits are incorporated herein by this reference. The record consists of the Stipulation of Facts with attached Exhibits, documents admitted into evidence, and the testimony of petitioner Ingrid Maria Persson and Revenue Officer Eric Olson. Petitioner resided in California when the Petition was timely filed. Petitioner was married during the year in issue.

I.   *Health Insurance*

During the year in issue, petitioner and her husband, Jose Llocclla-Diaz, enrolled in health insurance with Kaiser through the health insurance Marketplace,[2] Covered California. Petitioner and her husband received APTC payments during the year in issue, which were paid directly to the insurance company and applied to the cost of their health insurance premiums.

Accordingly, Form 1095–A, Health Insurance Marketplace Statement, was issued to petitioner and her husband reporting paid monthly enrollment premiums for 2019 totaling $25,354.56. The Form 1095–A also reported that $22,872.08 was paid on petitioner and her husband's behalf as an APTC. Petitioner's portion of the received APTC was $11,436.

II.   *Tax Return and Examination*

Petitioner filed Form 1040, U.S. Individual Income Tax Return, for the year in issue, which was received by the Internal Revenue Service (IRS) on May 13, 2021. Petitioner checked the box for single filing status. Petitioner intended to file a federal income tax return with filing status of married filing separately. Petitioner also submitted Form 8962, Premium Tax Credit (PTC), which respondent received on July 23, 2021, which listed petitioner's family size as two and household

---

[2] A health insurance Marketplace, also known as an Exchange, is a state or federally run program where taxpayers can purchase health insurance. Internal Revenue Manual 21.6.3.4.2.12.1(1) (Oct. 1, 2016).

income as $73,763. Petitioner did not complete any of the other boxes on the form.

Upon review of the return, the IRS made a math error adjustment. After this adjustment, petitioner's adjusted gross income (AGI) was determined to be $71,891.

An examination of petitioner's return began on or around June 11, 2021. While it is not relevant to our findings and conclusion, we note that on July 8, 2021, petitioner contacted her congressman for assistance. Petitioner's matter was forwarded to the Taxpayer Advocate Service, and Taxpayer Advocate Tina Fleming was assigned to assist petitioner.

On September 6, 2021, petitioner and her husband entered into an installment agreement covering taxable years 2015, 2016, 2017, 2018, and 2019. The Form 433–D, Installment Agreement, lists the total "Amount owed as of 09/28/2021" as "$23,141.24." Petitioner and her husband made the first payment toward the installment agreement on September 28, 2021.

On December 3, 2021, respondent issued a notice informing petitioner that her federal income tax return for the year in issue was being examined and proposing a deficiency stemming from the APTC.

Petitioner submitted a second Form 1040 for taxable year 2019 which was received by the IRS on December 16, 2021. Petitioner did not check a box indicating filing status and did not include information about her husband. On the same date, petitioner also submitted a second Form 8962 that listed the tax family size as two and reported household income as $59,063. Petitioner completed the other boxes on the Form 8962 and reported a net premium tax credit subject to a repayment limitation of $2,650.

On March 18, 2022, respondent issued a Notice of Deficiency determining a deficiency of $11,436. Respondent determined that petitioner was not eligible for the $11,436 APTC she had received. Petitioner filed a Petition with the Tax Court on April 5, 2022.

*Discussion*

I.    *Burden of Proof*

In general, the Commissioner's determination set forth in a Notice of Deficiency is presumed correct, and a taxpayer generally bears the burden of proving that the determination was made in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).[3]

II.    *Advance Premium Tax Credit*

As part of the Patient Protection and Affordable Care Act (ACA), Pub. L. No. 111-148, § 1401(a), 124 Stat. 119, 213 (2010), section 36B allows a credit to subsidize the cost of health insurance purchased through a health insurance exchange by taxpayers meeting certain statutory requirements. *See* Treas. Reg. § 1.36B-2(a). The premium tax credit is generally available to individuals with household incomes between 100% and 400% of the federal poverty line (FPL) amount for the year in issue. § 36B(c)(1)(A), (d)(3)(B); *see McGuire v. Commissioner*, 149 T.C. 254, 259 (2017). A taxpayer's household income is the sum of the modified adjusted gross income (MAGI) of all individuals included in the taxpayer's family and required to file a tax return. *See* § 36B(d)(1) and (2); Treas. Reg. § 1.36B-1(e)(1). Section 36B also defines MAGI as AGI increased by certain items, not included in gross income. *See* § 36B(d)(2)(B)(iii); *see also* Treas. Reg. § 1.36B-1(e)(2).

Recipients can choose to receive the credit in advance, as an APTC, in which case the payments are made directly to the insurer. *See* § 36B; *McGuire*, 149 T.C. at 260. At yearend a taxpayer who received an APTC must reconcile the amount of the APTC already received with the entitlement amount. § 36B(f)(2). The taxpayer may do so by completing and filing Form 8962 with their tax return. Married couples must file a joint return in order to qualify for the APTC unless an exception applies. § 36B(c)(1)(C); Treas. Reg. § 1.36B-2(b). If the APTC is greater than the entitlement amount, the taxpayer owes the Government the excess APTC, which will be reflected as an increase in tax. § 36B(f)(2)(A); *Keel v. Commissioner*, T.C. Memo. 2018-5, at *6. Any

---

[3] Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner did not allege or otherwise show that section 7491(a) applies. Therefore, petitioner bears the burden of proof. *See* Rule 142(a)(2).

excess is subject to a repayment limitation in section 36B(f)(2)(B).[4] § 36B(f)(2)(A); ACA § 1401(a), 124 Stat. at 219; Treas. Reg. § 1.36B-4(a)(1). This repayment limitation applies only to taxpayers whose household income is less than 400% of the FPL amount.

Respondent asserts that petitioner was not eligible for the APTC because she did not properly file her return for the year in issue with a qualifying filing status. Further, even if she were eligible, respondent asserts that petitioner's MAGI exceeded 400% of the applicable poverty guidelines for the year in issue and therefore she was required to repay the APTC.

At trial petitioner did not dispute that she should have filed a joint income tax return to accurately reflect her marital status and her income. Petitioner stipulated she intended to file her return with filing status of married filing separately.

Petitioner claimed the APTC benefit for the year in issue, and on her first 2019 return she checked the box for filing status of single. She did not check the box for filing status on her second return. Petitioner was required to file her return for the year in issue with filing status of married filing jointly to be eligible for the APTC. § 36B(c)(1)(C); *see also* Treas. Reg. § 1.36B-2(b). Petitioner has not asserted or demonstrated that an exception applies; thus, she is not eligible for the APTC.

The FPL for a family of two in California in 2019 is $16,910, and 400% of that amount is $67,640.[5] After respondent's math error adjustment, petitioner's AGI for the year in issue was determined to be $71,891. Petitioner's household income was at least $71,891. Even if we were to consider petitioner eligible for the APTC, her household

---

[4] The repayment limitation provides that the amount to be repaid is limited to the following amounts on the basis of household income (expressed as a percentage of the poverty line amount): (1) $600 if household income is less than 200%; (2) $1,500 if household income is at least 200% but less than 300%; and (3) $2,500 if household income is at least 300% but less than 400%. These dollar amounts are reduced by one-half in the case of unmarried individuals whose tax is determined under section 1(c). That section also provides that these amounts are indexed. § 36B(f)(2)(B); *see also* Treas. Reg. § 1.36B-4(a)(3).

[5] The federal poverty guidelines are updated annually in the Federal Register by the U.S. Department of Health and Human Services under the authority of 42 U.S.C. § 9902(2). *See* Annual Update of the HHS Poverty Guidelines, 84 Fed. Reg. 1167, 1168 (Feb. 1, 2019).

income exceeded 400% of the FPL, and accordingly she is not entitled to the APTC repayment limitation.

Petitioner is not eligible for the APTC for the year in issue and is responsible for repaying the excess APTC paid on her behalf. We sustain respondent's deficiency determination. Petitioner did not present any evidence or argument to refute respondent's determination. Rather petitioner contends the deficiency should have been considered in her installment agreement.

III.    *Installment Agreement*

Section 6159(a) authorizes the IRS to enter into a written agreement allowing a taxpayer to pay a tax liability in installments if it concludes that the agreement "will facilitate full or partial collection of such liability." An installment agreement operates pursuant to statute and may be terminated only under the provisions of section 6159.

Petitioner acknowledges there were issues with her tax return. Petitioner suggests that the review of the return which disclosed a math error before the installment agreement should have resulted in the correction of all issues in her tax return. She contends that the installment agreement should cover all amounts for the tax years listed on the agreement, including the deficiency stemming from the APTC. Petitioner contends that determination of a deficiency for tax year 2019 outside of the installment agreement is a breach of contract. Petitioner also claims she was informed by Ms. Fleming that the installment agreement considered all adjustments for the listed years and was a final agreement.

Respondent asserts that while the installment agreement included tax year 2019, it included only the adjustment related to the math error and did not include the deficiency determined by adjustment to the APTC. Respondent asserts that the deficiency stemming from the APTC was not yet determined when the installment agreement was processed.

Respondent asserts that an installment agreement allows a taxpayer to satisfy a preexisting liability over time; consequently, it lacks consideration on the part of a taxpayer and, therefore, does not give rise to contract formation. *See United States v. Ullman*, No. CIV.A. 01-0272, 2002 WL 987998, at *4 (E.D. Pa. May 8, 2002). As petitioner had a preexisting duty to pay the amounts that were listed in the

installment agreement, respondent asserts the installment agreement did not give rise to a contract between petitioner and respondent.

While we have some sympathy with petitioner's concerns with the timing of the APTC adjustment and recognize petitioner may have relied on an IRS employee's oral representation, respondent's determination of a deficiency for the year in issue does not violate the terms of the installment agreement. The installment agreement dated September 6, 2021, clearly states the amount due as of the first date of payment on September 28, 2021. Regardless of whether we view the installment agreement as a contract, the installment agreement does not include the deficiency stemming from the APTC, and it does not appear that respondent has terminated or modified the installment agreement in violation of section 6159. *See also Oppenheim v. United States*, No. 07-852 T., 2009 WL 586118 (Fed. Cl. Mar. 6, 2009) (determining that the plain text of an installment agreement does not restrict IRS authority to apply refunds or overpayments to outstanding tax liabilities). There is nothing in the record from which we can conclude that respondent is precluded from determining a deficiency for the year in issue.

Even were we to consider that Ms. Fleming may have communicated erroneous advice to petitioner, it is well settled that where the Commissioner's representatives provide erroneous advice based upon a mistaken interpretation of the law, courts and the Commissioner are not bound by the agent's statements and must follow the applicable statutes, regulations, and caselaw. *See, e.g.*, *Dixon v. United States*, 381 U.S. 68, 72–73 (1965); *Auto. Club of Mich. v. Commissioner*, 353 U.S. 180, 183 (1957); *Neri v. Commissioner*, 54 T.C. 767, 771–72 (1970).

The Court has considered all of the parties' arguments, and to the extent not addressed herein, they are considered moot, irrelevant, or otherwise without merit.

To reflect the foregoing,

*Decision will be entered for respondent.*